# HENRY WARNER *vs.* RICHARD FOWLER.

The act of 1729, ch. 20, in so far as it permits a party to prove his own accounts by oath or affirmation, is in derogation of the common law, and like all such legislation, is to be construed *strictly*.

An account sworn to under this act, must show *affirmatively* upon its face that it was made "*within twelve months after the first article therein charged shall become due,*" or else the oath is *extra-judicial,* and cannot constitute *perjury* if false.

The 15th sec. of the act of 1729, ch. 20, making it perjury to swear falsely to "*any account,*" before any justice, is *repealed* by the 8th sec. of the act of 1785, ch. 46.

APPEAL from the Circuit Court for Carroll county.

This was an action of *slander*, by the appellant against the appellee. The words charged in the declaration to have been spoken by Fowler of Warner are: "He swore to a lie and I can prove it;" "He swore false;" "He swore to an account which he trumped up against me which was false and untrue, and I want every body to know that he swore to a damned lie;" innuendo that Warner was guilty of wilful and corrupt perjury. The declaration, in its introductory averments and colloquium, states, that whilst an action of debt was depending before Jacob Myerly, a justice of the peace for Carroll county, between Fowler, as plaintiff, and Warner, as defendant, on an open account for less than fifty dollars, Warner made an affidavit or affirmation before Jesse Manning, another justice of the peace for said county, to an account in his own favor against Fowler, "said account not exceeding ten pounds, current money, in any whole year, and having been proved as aforesaid within twelve months after some of the articles therein charged had become due," and filed and plead this account so proved in bar or discount of the aforesaid claim against him by Fowler, the said account so filed being material and pertinent to the issues joined in the trial of said action, and the said affirmation being in proof of said account in said trial. The declaration then charges, that the words complained of were spoken by Fowler of Warner in reference to this affidavit or affirmation. The plea was *non cul.*

1*st Exception.* The plaintiff proved the speaking of the words substantially as laid in the declaration. He then offered in evidence the following account and affirmation thereto:

"*Richard Fowler to Henry Warner, Dr.*

| 1850. | | | | | |
|---|---|---|---|---|---|
| To the hire of my wagon, - | - | - | - | $1 | 00 |
| To pasturage for cows, | - | - | - | 6 | 00 |
| To cash lent him, - | - | - | - | 1 | 50 |
| To hauling him and family to camp-meeting, | | | | 2 | 00 |
| To 17 lbs. flour, at $3\frac{1}{4}$ cts., | | - | - | | $55\frac{1}{4}$ |
| To 10 lbs. of bacon, " 8 cts., | | - | - | | 80 |
| | | | | $11 | $85\frac{1}{4}$ |
| To 1 doz. eggs, | - | - | - | - | $12\frac{1}{2}$ |
| | | | | $11 | $97\frac{3}{4}$ |

*Carroll County, to wit:* On this 7th day of January 1851, before me, the subscriber, a justice of the peace in and for said county, personally Henry Warner, who solemnly, sincerely and truly declared and affirmed that the above account is just and true, and that he hath not, directly or indirectly, received, to his knowledge, any part of the money charged due, or any security or satisfaction for the same, except an account in bar.

Sworn before     JESSE MANNING."

He further offered in evidence the judgment of the justice, *(Myerly,)* in the case against him by Fowler, which was in favor of the defendant, for $1.60, debt, and each party to pay his own costs; and proved that in the trial of this case, the account against Fowler, with the affirmation thereto annexed, was produced in evidence, and plead and offered in bar by Warner to the claim of Fowler against him. The claim upon which Fowler sued amounted to $7.48. The plaintiff then rested his case.

The defendant then asked the court to instruct the jury, that upon the pleadings and evidence, the plaintiff is not entitled to recover for the following reasons: 1st, because the declaration does not set out a good and sufficient cause of action; 2nd, because the evidence is not legally sufficient to warrant the jury in finding all the material and necessary allegations in the declaration.

Upon these prayers the court, (NELSON, J.,) instructed the jury, that the plaintiff was not entitled to recover, because the account proved to be the paper referred to in the declaration, and in speaking the words charged to have been spoken by the defendant, was not such a paper or account as the party making the affirmation could legally affirm to, under the act of Assembly authorising a party to swear to his account, because there was no date upon the paper to show affirmatively that the affirmation was made within one year after the account accrued due, according to said act of Assembly, that therefore said affirmation not having been made within the time prescribed by said act, the affirmation was extra-judicial, and the party making the same cannot be guilty of perjury. To the instruction so given the plaintiff excepted.

*2nd Exception.* The plaintiff then offered further evidence, that in 1849 or 1850, Fowler had used the wagon of the plaintiff, but the witness could not fix the precise date. He then offered in evidence the account upon which Fowler sued, dated in 1850, for the purpose of proving that Fowler, at the time of the affirmation by Warner was made, was indebted to the plaintiff, as charged in the account affirmed to. The plaintiff then prayed the court to instruct the jury, that if they believe all the evidence in the case, the plaintiff is entitled to recover; which prayer the court refused to grant and instructed the jury, that upon the pleadings and all the evidence in the cause, the plaintiff is not entitled to recover for the reasons assigned in the instruction first given. To this ruling the plaintiff excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*James Raymond* for the appellant, argued, that the swearing or affirming to an account by the creditor of a less sum than ten pounds, current money, is an oath or affirmation *in the course of a judicial proceeding*, and if false is perjury. The act of 1729, ch. 20, sec. 11, says, that the accounts shall be proved within twelve months after the *first* article therein charged shall "*become due*," not after it was *charged*. The language of this section clearly refers the decision of the time within which the oath is to be made to the tribunal before whom such oath comes as *evidence*. It is not the duty of the magistrate before whom the oath *is taken* to see that the account is within twelve months. He is bound to administer the oath, and when that oath is offered in evidence, the magistrate before whom it is offered decides whether or not it is within time; and the fact that it is *rejected* as evidence, does not show that the magistrate was not *bound* to administer the oath. To render the charge of false swearing actionable, all that is necessary is, that the false swearing should be before "a court or magistrate having legal authority to administer an

oath." 10 *Johns.*, 177, *Van Steenbergh vs. Kortz.* Besides this, the 15th section of the act of 1729 expressly make's it *perjury* for any person wilfully to swear or affirm falsely to *"any account* before any provincial or county justice," and in my judgment, this section is not repealed by the 8th section of the act of 1785, ch. 46. The latter act, according to my reading of it, continues in force *all the provisions* of the act of 1729, so far as accounts not exceeding ten pounds, current money, are concerned.

But again, the record shows that this affidavit was offered in evidence and *plead in bar* in the *trial* before the magistrate, and having been received, though illegally received, it stands in the same position as a witness who has been erroneously admitted to testify, though not a competent witness, in which case it is *perjury* if he swears *falsely*, because his oath was received and used. 10 *Ohio*, 220, *Montgomery vs. The State.* 26 *Maine*, 33, *State vs. Keene.* 2 *Russell on Crimes*, 598 to 603.

There can be no objection to the *form* of this affidavit, for it is clearly within the act; the words, *" except an account in bar,"* gratify the provision, *"more than credit shall be given for."* Similar language in the act of 1798, ch. 101, sub-ch. 9, sec. 8, *"except what, if any, is credited,"* has always been construed to mean *"except an account in bar."*

*William P. Maulsby* for the appellee, argued, that to constitute *perjury*, the oath or affirmation must be falsely taken in a judicial proceeding before a *"competent jurisdiction,"* and it must also be *material* to the question depending." *Arch. Cr. Pl.*, 672. The only question then is, what is the construction of this act of 1729, ch. 20? But for this act, no man's oath in his own favor could be allowed; it is, therefore, an act to be *strictly construed,* being in *derogation of the common law* in allowing a party to be a witness in his own case. Now by this act, the oath must be administered *within twelve months* after the first article therein *charged becomes due,* and *then* the account is made evidence, and *not otherwise.* The oath then is *only* authorised when the account appears upon

*its face* to have its *first article* charged *within twelve months.* If not *thus made,* it cannot be evidence; and not being evidence, it cannot be *material* to the question depending. The party cannot resort to evidence *dehors* his affidavit to show that it was made within the time required by law. The act creates one *entire* and simple piece of evidence which must be complete in all its parts, and it cannot be thus complete unless it appears upon its face to be made *within time.*

It nowhere appears from the record that this affirmation was admitted and received by the magistrate *as evidence.* The record merely states that it was *offered and plead in bar.* Again, the affirmation must be in strict conformity with the act. There is no proof here that the party making it was a *quaker,* and therefore the affirmation does not come within the law. The 15th section of the act of 1729 is, in my judgment, expressly *repealed* by the 8th section of the act of 1785, ch. 46.

Le Grand, C. J., delivered the opinion of this court.

Waiving all question as to the alleged generality, under the act of 1825, ch. 117, of the several prayers to be found in the record, we are of opinion, that the instruction actually given by the judge of the circuit court was substantially correct. The act of Assembly under which the affirmation was made is one, *in this particular,* in derogation of the course of the common law, and like all such legislation, is to be construed *strictly.* See *Dyson vs. West's Exc'r,* 1 *Har. & John.,* 567. According to the principles of the common law, a party is denied the right of being a witness in his own case; and under our act of Assembly, he is only allowed the privilege if his account does *" not exceed ten pounds, current money, in the course of any whole year,"* and if it *" be proved within twelve months after the first article therein charged shall become due, and not otherwise."* The account in this case ought, in our judgment, to show *affirmatively* on its face a compliance with the requisitions of the act of Assembly. This not being so, there was no right in the party to make the affirmation, and as a consequence, it was *extra-judicial.* In addition to this it should be recollected, that the 15th section of the act of 1729,

ch. 20, is *repealed* by the 8th section of the act of 1785, ch. 46.

*Judgment affirmed.*