CHARLES KELTON, administrator, *vs.* EBENEZER HILL and others.

*Witness—competency of.*

Under the provisions of R. S. 1871, c. 82, in cases where an administrator is a party and his intestate has never testified in the case, the adverse party cannot be a witness unless the administrator offers his own testimony.

ON EXCEPTIONS.

ASSUMPSIT to recover for service rendered by Joseph Thompson, since deceased, the plaintiff's intestate. The writ is dated May 14, 1867, and the suit was instituted by the present plaintiff as administrator of the estate of Joseph Thompson.

At the trial the plaintiff did not offer to testify, and neither was he called or sworn as a witness. But, against the seasonable objection of the plaintiff, the three defendants were called and sworn as witnesses in their own behalf, and they were permitted to testify to material facts which occurred after, but not before the death of the plaintiff's intestate.

The plaintiff seasonably objected to all such testimony before the questions eliciting it were answered; but the presiding judge overruled the objections and received the testimony, and the plaintiff alleged exceptions.

*E. B. Smith*, in support of the exceptions.

*I. T. Drew*, for the defendants.

BARROWS, J.    The single question presented by the exceptions is whether, under the provisions of the Revised Statutes of 1871, in cases where an executor or administrator is a party, the adverse party can be permitted to testify in relation to facts occurring subsequent to the decease of the testator or intestate, unless the executor or administrator offers his own testimony at the trial, the deceased never having testified in the case.

Chapter 82, section 82, abrogates the common-law rule, excluding parties to civil suits from giving testimony therein, " except as hereinafter provided."

Section 87 declares that the provisions of the five preceding sections shall not be applied to any cases where, at the time of taking testimony, or the time of trial, either party is " an executor or administrator or made a party as heir of a deceased party, except in the following cases." One of these exceptions runs thus : " In all cases in which an executor, administrator, or other legal representative of a deceased person is a party, such party may testify to any facts legally admissible upon the general rules of evidence happening before or after the death of such person; and when such person so testifies, the adverse party shall neither be excluded nor excused from testifying in reference to such facts."

Taken together, these provisions seem to make the right of the adverse party to testify at all in such cases, to depend upon the course pursued by the executor, administrator, or other legal representative of the deceased.

If there was anything ambiguous about these provisions we should be disposed to construe them by a reference to the history of the legislation upon this topic, and to hold that no change was intended by the legislature in the revision; but the language is of that distinct and positive character which seems to admit but one construction. For the same reason we have found ourselves compelled to hold that the husband or wife of either party, though called to testify with the consent of his or her partner in the marriage contract, is no longer a witness in this class of cases. *Jones* v. *Simpson*, 59 Maine. "When a statute is revised, and a provision contained in it is omitted in the new statute, the inference to be drawn from such a course of legislation would be that a change in the law was intended to be made. If the omission was by accident, it belongs to the legislature to supply it." *Buck* v. *Spofford*, 31 Maine, 36.

A statute authorizing a man to be a witness in his own case is in derogation of the common law, and must be construed strictly. *Warner* v. *Fowler*, 8 Md. 25.

*Exceptions sustained. New trial granted.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and TAPLEY, JJ., concurred.