## LEVY V. DWIGHT.

TESTIMONY OF DECEASED PARTY — WHEN LIVING PARTY MAY TES-
TIFY.— The mere fact that the testimony of a deceased party given
on a former trial has been preserved in writing does not qualify
the living party to testify in his own behalf unless such testimony
be offered in evidence by the representative of the deceased party.
If offered by the living party it is to be regarded as the testimony
of his own witness.

*Appeal from District Court of Lake County.*

THIS action was brought in the county court of Lake
county by S. N. Dwight, appellee, against Sol Levy, to re-
cover a money demand.   Plaintiff recovered a judgment
against the defendant in said court, and the defendant
appealed to the district court of said county.  ·Pending
said appeal, the death of said defendant being suggested,
Babette Levy, the administratrix of the estate of said
defendant, was substituted as party defendant.

Upon the trial in the district court the plaintiff was
permitted, over the objection of the defendant, to prove
by John W. Christy that he took the testimony of Sol
Levy and of the plaintiff, Dwight, given on the trial of
case in the county court, in short-hand; that he had ex-
tended such testimony from his short-hand notes; and
that the writings shown the witness were correct tran-
scripts from his notes of said testimony taken at said
trial.

Plaintiff, being then called as a witness in his own be-
half, was permitted, over the objection of the defendant,
to testify fully as to the transaction between himself and
the said Sol Levy.   Defendant objected to this testimony
on the ground that "plaintiff was incompetent as a wit-
ness under the statute; the defendant being dead, and
the suit being prosecuted against his administratrix."

Upon the examination of the plaintiff as a witness in
his own behalf he was asked by counsel for defendant if

a writing, then shown to him, was not in his own hand-writing, and signed by him, to which he answered that it was.    This writing reads as follows:

"Received of Mr. Sol Levy 4,500 shares of Britten-stein silver mining stock, which I agree to hold until February 2d, 1882; and, if I receive $1,500 at that time,· then said stock to be delivered to Mr. Sol Levy, other-wise to belong to me.

"S. N. DWIGHT, Leadville, Colorado.
"*January 3d, 1882.*"

The defendant then further objected to the testimony of the plaintiff, on the ground that it was shown that the contract between plaintiff and said Levy was in writ-ing, and that parol evidence could not be received in ex-planation thereof.    Objection overruled, and evidence received.·  Trial to the court, judgment for plaintiff, from which defendant appealed, and assigned for error the rulings of the court in the admission of testimony.

Mr. C. S. THOMAS, for appellant.

Mr. C. I. THOMPSON, for appellee.

RISING, C.  The objection to the testimony of the wit-ness Christy, and the objection to the testimony of the plaintiff based upon the provisions of the statute, may be considered together.    That portion of the statute ap-plicable to the consideration of the question so presented reads as follows: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf,  *  *  *  when any ad-verse party sues or defends  *  *  *  as the executor or administrator  *  *  *  of any deceased person,  *  *  * unless when called as a witness by such adverse party so suing or defending; and also except in the following cases, namely:  *  *  *  When, in any such action, suit or proceeding, the deposition of such deceased per-

son shall be read in evidence at the trial, any adverse party or parties in interest may testify as to all matters and things testified to in such deposition by such deceased person, and not excluded for irrelevancy or incompetency." Gen. St. § 3641.

By the plain provisions of the statute, appellee could not be made a witness in his own behalf, unless the deposition of the deceased defendant be read in evidence. He was rendered incompetent to testify in the case by the death of the adverse party, and must remain incompetent until his incompetency was removed in the manner provided by the statute. The provisions of the statute relating to the manner in which such incompetency can be removed are not uncertain or ambiguous as to what must be done to render such incompetent witness competent, to the extent therein provided. To render the living party competent to testify in such cases, the statute requires that the deposition of the deceased person shall be read in evidence on the trial. To hold that this requirement is complied with by showing the existence of a deposition of such deceased party that can be read in evidence would be judicial legislation. The act which makes the party a competent witness must precede the testimony of such party, as he must be competent when his testimony is given.

Counsel for appellee cite and rely upon the case of *Coughlin v. Dillon's Ex'r*, 50 Mo. 126, in support of the ruling of the court below. That case is not an authority upon the construction of the statute under consideration, for the reason that the holding therein is not based upon a similar statute. The statute under which that case was decided provided that "no person shall be disqualified as a witness, in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same, as a party or otherwise: * * * provided, that, in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is

shown to the court to be insane, the other party shall not be permitted to testify in his own favor; and, where an executor or administrator is a party, the other party shall not be permitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator."

The foregoing contains all the provisions of the statute relating to the competency of the plaintiff, as a witness in his own behalf, in the case of *Coughlin v. Dillon's Ex'r*, in which case both plaintiff and defendant were present, and testified at the first trial thereof, and their testimony was preserved in a bill of exceptions. Before the second trial the defendant died, and at that trial the court admitted in evidence the deposition of the plaintiff taken before the first trial, and the ruling of the court on the admission of the deposition was affirmed on appeal; and it was held that the former testimony of the defendant could have been read on the trial, in which case the plaintiff could have testified, and that the refusal of the executor of the defendant to offer such testimony in evidence was not good ground for rejecting the testimony of the plaintiff. This ruling is based on the claim that, as the defendant's testimony could be used in his own behalf, he was thereby placed on an equality with the plaintiff, and that the object and spirit of the statute would permit the plaintiff to testify in his own behalf.

Our statute differs from the Missouri statute, in that it is expressly provided therein under what circumstances the living party may testify, in cases where the adverse party is an executor or administrator. The legislature having said that the living party may testify, under certain circumstances, when the adverse party is an executor or administrator, it must be held to have expressed its full intention in that regard, and there is no call for

a judicial interpretation of the legislative intention when such intention is clearly expressed.

We have given more attention to the case of *Coughlin v. Dillon's Ex'r* than we should have done but for the fact that it is the only case cited, and the only one we have been able to find, that tends to support the views upon which the ruling of the court below is sought to be sustained; and from the further fact that it seems to be in conflict with the decisions of other courts upon the main question presented in this case. That the object and spirit of the provision of the statute, which excludes a living party from testifying in his own behalf when the adverse party is an executor or administrator, is to place the parties on an equality, cannot be doubted. This object can be attained by giving to the language used in the statute such meaning as will make it harmonize with other statutes and with the usual and well-understood practice of courts in the introduction of evidence.

Under the provisions of our statutes, the parties to an action are competent witnesses in their own behalf, and they are thus placed on an equality. When one party sues or defends as an executor or administrator of a deceased person, by excluding the testimony of the adverse party the parties are placed on an equality; but, if the deposition of the deceased party has been taken, "it may be read in any stage of the same action or proceeding by either party and shall then be deemed evidence of the party reading it." Sec. 370, Code.

In such cases, if the deposition was read in behalf of the executor or administrator, the adverse party would be excluded from testifying in his own behalf but for the provision of the statute which permits him to testify "as to all matters and things which are testified to in such deposition" when such deposition has been read in evidence. This provision was enacted to meet circumstances not covered by the other provisions of the stat-

ute, and to place the parties on an equality. The equality is preserved by the restriction placed upon the testimony of the living party. The fair implication arising from this restriction is that the testimony of the living party is to be in rebuttal of the deposition of the deceased party; that it is optional with the executor or administrator to introduce the deposition in evidence, or to withhold it from introduction.

In *Miller v. Adkins*, 9 Hun, 9, a clause of the statute providing that the prohibition against a party testifying should not extend to any transaction or communication "as to which the testimony of the deceased person * * * shall be given in evidence," was before the court for construction, and the court held that "it was not intended to help a party to the record to give evidence in his own behalf, except in answer to the testimony of a deceased person, when put in against him."

In *Corning v. Walker*, 28 Hun, 435, the court, in passing upon a ruling which excluded the defendant from proving an agreement with a deceased person, say: "A party cannot, by examining his adversary as to a transaction with a deceased, claim that such evidence is given by his adversary in his own behalf, and that therefore he may contradict him. This is not the meaning of the code."

*Corning v. Walker* was appealed to the court of appeals, and that court, in an opinion affirming the judgment, say: "There is no rule which authorizes a party to contradict evidence given by his adversary as to a transaction with a deceased person which he has himself introduced, and the code does not provide for any such case." 100 N. Y. 547, 551.

In *Page v. Whidden*, 59 N. H. 507, 511, it is held that the testimony of one of the defendants was properly excluded upon the ground that the plaintiff administrator elected not to testify; and the same conclusion was reached in *Kelton v. Hill*, 59 Me. 259, 260.

The true object and purpose of the statute, as ascertained from the language used and from the decision of the courts upon similar statutes, seem to be to absolutely exclude the testimony of a party to an action, when the adverse party is an executor or administrator, except as such party may be made competent to testify by the action of such executor or administrator. Upon a new trial of the case, the testimony of the deceased, given at a former trial, may, under the well-settled rule in relation to the proof and introduction of the testimony of a deceased witness, be introduced by the administratrix, and the question will then arise whether such action of the administratrix will make the plaintiff a competent witness in his own behalf.

The spirit of the statute is to exclude the testimony of a party when the opposite party is deceased, and cannot give his testimony upon the matters in controversy, and the statute should receive a liberal construction, and the spirit, rather than the technical letter, should govern in its application. If the testimony of a deceased party, given on a former trial, is offered in evidence by the administrator of such deceased party, the reason for the exclusion of the testimony of the living party is taken away; and to place the parties on an equality, as is the intention of the statute, the living party must be allowed to testify in his own behalf as to the matters testified to by the deceased party on the former trial. *Monroe v. Napier*, 52 Ga. 383, 388; *Kelton v. Hill*, 59 Me. 259, 261.

The testimony of the deceased, given at a former trial, may be offered in evidence by the living party, and then it is to be regarded as the testimony of his own witness, and subject to all the rules applicable to the testimony of any other witness in his behalf; but the introduction of such testimony by the living party will not make such party a competent witness in his own behalf. The former testimony of the deceased must be voluntarily read

by his representative in order to entitle the opposite party to testify in the case.

We do not think the court erred in its ruling that parol evidence might be received in explanation of the writing signed by appellee, but the testimony of the plaintiff offered and received for the purpose of such explanation was improperly admitted by reason of the incompetency of the plaintiff to testify in his own behalf at the time it was so offered and received.

The judgment should be reversed.

DE FRANCE, C., concurs. STALLCUP, C., dissents.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.　　　　　　　　　　　　　　　　　　　*Reversed.*