BOARDMAN & BOARDMAN, C. H. E. BOARDMAN, C. H. E. BOARDMAN, Executor of the Estate of E. J. BOARDMAN, Deceased, Appellants, v. W. H. BROWN AND SUSANNAH BROWN.

**Evidence:** PERSONAL TRANSACTIONS WITH DECEDENT: *Waiver of statute by executor.* Code, section 4604, provides that no party to an action, or any one interested in the event, shall be examined as a witness in regard to any personal transaction or

communication between such witness and a person at the time of examination deceased, as against the executor of such decedent, but that such prohibition shall not extend "to any communication or transaction" as to which the executor shall be examined in his own behalf. *Held*, that where an executor sued for legal services performed by his testator for defendant, and the executor testified only that the services were rendered. and as to their reasonable value, it was error to allow defendant to testify as to a conversation with the testator to the effect that no charges were to be made under certain circumstances.

*Appeal from Marshall District Court.*—HON. O. CASWELL, Judge.

WEDNESDAY, OCTOBER 16, 1901.

C. H. E. BOARDMAN, as surviving partner of the law firm of Boardman & Boardman, and as executor of the estate of his deceased partner, brings this action to recover the reasonable value of services rendered by said firm as attorneys for defendants on an appeal to this court, and for money paid out. Defendants answered, denying generally, and alleging that for services and costs claimed in the petition it was agreed "that plaintiffs were to pay said costs and ask nothing for legal services in event the case appealed, viz: Thompson v. Brown, was not reversed," and that it was not reversed. Verdict and judgment for defendants. Plaintiffs appeal.—*Reversed.*

*C. H. E. Boardman* for appellants.

*T. D. Evans* and *C. H. Van Law* for appellees.

GIVEN, C. J.—I. On the trial the defendants were each called and examined in their behalf. Mrs. Brown, having testified that she was present when there was a conversation about fees and carrying to the supreme court before the verdict, and that the persons present were Mr. Brown, H. E. J. Boardman, and herself, was asked: "Q. Well, now, will you state to the jury what those statements were which were

made by H. E. J. Boardman to Mr. Brown, respecting the further proceedings in the case, if any were necessary?" Plaintiff objected as incompetent because it calls for a communication between one deceased and the witness and her husband jointly, which objection was overruled. The same objection was made on the examination of Mr. Brown by C. H. E. Boardman, and overruled, the court saying: "Well, I don't see why you put yourself upon the stand, you don't open this door." C. H. E. Boardman had testified in his own behalf. His testimony in chief was to the fact that the services charged for were rendered, their reasonable value, and the amounts of money paid for defendants in prosecuting said appeal. In response to questions put to him on cross-examination he said: "I made no agreement with these defendants as to these services in the supreme court. I do not know of any agreement being made. There was no contract made with me. I don't know what arrangement was made with H. E. J. Boardman, but I have no very definite idea about it." Section 4604 of the Code, so far as applicable, is as follows: "No party to any action * * * nor any person interested in the event thereof * * * no husband or wife of any said party shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased. * * * But such prohibition shall not extend to any communication or transactions as to which any such executor shall be examined on his behalf." The same rule applies to a surviving partner. *Salyers v. Monroe,* 104 Iowa, 74. The fact that the executor testified on his own behalf did not itself remove this prohibition. It is only removed as to communications or transactions with the deceased as to which he is examined in his own behalf. *Ivers v. Ivers,* 61 Iowa, 721; *Wood v. Brolliar,* 40 Iowa, 591; *Luehrsmann v. Hoings,* 60 Iowa, 708; *Clarity v. Sherdan,* 91 Iowa, 304; *In re Edwards' Estate,* 58 Iowa, 431, dis-

tinguish *Bailey v. Keyes,* 52 Iowa, 92. Mr. Boardman did not testify as to the communication nor the transaction with the deceased to which defendants were permitted to testify. Counsel for appellees insist that Mrs. Brown was a mere listener to the conversation between deceased and her husband, and therefore her testimony as to that conversation is competent. If this were true, we must reverse for the error in admitting the testimony of Mr. Brown, but such is not the fact. She was a party to the case that was appealed, and, according to her own statement, was a party to the conversation with deceased quite as much as Mr. Brown. We think the court erred in overruling plaintiff's objections to this testimony. With this excluded, there was no evidence to sustain the defense.—REVERSED.