## BURK v. PETER.

No. 7164.   Decided February 7, 1949.   (202 P. 2d 543.)

See 31 C. J. S., Evidence, sec. 283; 58 Am. Jur. 209. Examination of witness as waiver of incompetency to testify as to transaction with a decedent, note, 159 A. L. R. 411.

*Gustin & Richards* and *Brent T. Lynch, Jr.,* all of Salt Lake City, for appellant.

*Joseph E. Evans,* of Ogden, for respondent.

WADE, Justice.

Arlene Burk, as the duly appointed and acting administratrix of the estate of Richard E. Roser, deceased, com-

menced this action to recover on a promissory note found among the possessions of the deceased and signed by defendant and appellant herein as payor. In his answer, defendant admitted the execution and delivery of the note by him to the deceased, but alleged as an affirmative defense that it was not executed for value or for any consideration.

At the trial of the case the plaintiff, as administratrix, testified that the note was found amoung the decedent's possessions and that about eight days prior to his death she had a conversation with him in which he complained about his straitened circumstances and said he had written a letter to defendant which he had not yet mailed. This letter which was found among decedent's effects after his death was introduced in evidence for the purpose of showing that no payment had been made on the note. Plaintiff further testified that she had not found anything among decedent's belongings referring to the note. This letter itself did not specifically refer to the note. It did indicate that the deceased would have appreciated more effort on the part of defendant in paying a debt to him. In that letter he said:

"Karl what have I done that I deserve such neglect.  *  *  *  But I cannot leave with an unpaid board bill. I just wonder now how this matter is coming out. In ten years you have not been able to plank down even 15% of the amount you owe me and that Canadian affair is just another fata morgana."

After this evidence was admitted, defendant attempted to testify concerning the lack of consideration for this note. Plaintiff objected to the admission of any such testimony on the ground that it would violate the provisions of Sec. 104-49-2, subsec. (3), U. C. A. 1943, which provides, so far as is material here, that:

"The following persons cannot be witnesses.

*   *   *   *   *

"(3) A party to any civil action, suit or proceeding, and any person directly interested in the event thereof, and any person from, through or under whom such party or interested person derives his interest or title or any part thereof, when the adverse party in such

action, suit or proceeding claims or opposes, sues or defends, * * * as the executor or administrator * * * of any deceased person * * * as to any statement by, or transaction with, such deceased, * * * or matter of fact whatever, which must have been equally within the knowledge of both the witness and such * * * deceased person, unless such witness is called to testify thereto by such adverse party so claiming or opposing, suing or defending, in such action, suit or proceeding."

The court sustained the objection to this proffered testimony and this ruling is assigned as error by defendant, the appellant herein.

He argues that the court erred in applying the provisions of the above statute to his proffered testimony because the plaintiff had waived the benefit of its provisions by testifying about a conversation had with deceased a few days prior to his death about a letter which deceased had written to defendant but had not mailed, and the introduction in evidence of this letter evidently written to defendant by deceased and found among his effects after his death. He contends that upon the letter being introduced in evidence for the purpose of showing non-payment of the note, the entire transaction concerning said note was opened up for testimony on the part of the defendant.

Although our statute does not provide that the incompetency of a witness to testify is waived except where such witness is called by the representative of the decedent's interests, it is conceded by respondent herein that the weight of authority and the better reasoned cases ■ allow a witness whose interest is adverse to that of the estate of the deceased person to testify concerning matters equally within the knowledge of deceased and the witness where the representative has put in testimony as to those matters, even though the statute does not expressly provide for the waiver of such incompetency to so testify. However, the waiver of the incompetency to testify is limited to the matters, facts or transactions proved by the introduction of evidence by the representative or the witnesses called

on behalf of the estate and does not extend to all transactions within the issues of the case as contended by appellant. See *Carter* v. *Curlew Creamery Co.* 16 Wash. 2d 476, 134 P. 2d 66, on page 73 of the Pacific report wherein that court said:

"It may be conceded that appellant [representative of a decedent] did introduce certain testimony relative to transactions and conversations with the deceased, and as to those transactions first developed by appellant, the benefit of the statute was waived, and respondents had the right to introduce evidence relative to those transactions and all other circumstances necessary to explain them. But although the statute may have been waived as to those particular transactions opened up by appellant, the waiver does not extend to unrelated transactions and conversations. *Kraft* v. *Security State Bank*, 54 S. D. 325, 223 N. W. 208; *Wilkins* v. *Skoglund*, 127 Neb. 589, 256 N. W. 31; *Nolty's Adm'r.* v. *Fultz*, 261 Ky. 516, 88 S. W. 2d 35."

See also *In re Fitzpatrick's Estate*, 123 Misc. 779, 206 N. Y. S. 496 and *Newton* v. *Freeman*, 213 Mich. 673, 182 N. W. 25. The court therefore did not err in refusing to allow appellant to testify concerning the alleged lack of consideration for the execution of the note since such fact was equally within the knowledge of appellant and deceased and the representative of the estate did not testify concerning that transaction but only testified about a conversation purporting to refer to the non-payment of a debt owed by appellant to deceased. This conversation was not between the deceased and the defendant, so defendant could not give his version thereof but it was the decedent's version of whether there had been payments made on the note. While it might well be that plaintiff thereby waived the statute respecting the question of payment, the question of whether there was any consideration given for the note is a separate and distinct matter, it involves other times and transactions. Therefor, by introducing this evidence, the plaintiff did not waive the disqualification to testify given by this statute respecting the lack of consideration.

It is further contended that respondent had waived the benefit of the statute on the question of consideration because she had introduced in evidence testimony and letters on that question to the effect that deceased while discussing his financial resources with the seller of a ■ business he desired to buy, had said that he had a note for approximately $5000.00 due from appellant; and also that in rebuttal of certain letters introduced by appellant for the purpose of showing the probability of lack of consideration for the note, she introduced other letters written by appellant to deceased indicating that appellant owed deceased money and then argued in her brief to this court that the above evidence tended to prove that the note was given for a valuable consideration. This contention might be valid if the evidence introduced actually tended to prove consideration for the note sued upon in this action. Certainly it would waive the statutory disqualification to testify as to the transactions covered by plaintiff's evidence. The testimony given, however, only tends to prove that deceased was of the opinion that the note was a valid obligation. The fact that decedent thought that appellant owed him money in no way tends to prove consideration for the note. He might have thought that its mere execution and delivery to him made it a valid and subsisting obligation. The conversation related by the witness did not pertain to anything that occurred at the time the note was executed nor the reason for its issuance.

As to the letters introduced in rebuttal of appellant's letters, they merely indicate that appellant and deceased were on very friendly terms and that on occassions deceased had loaned money to appellant which had been repaid and also that appellant had advised decedent that he was unable to repay other debts owed. In none of the letters introduced in evidence is there any specific mention made of the note which is being sued upon, although appellant testified that a note and contract referred to in a letter dated July 21, 1940, was the note in question here. However, there is

nothing in the letter itself which so identifies this note which is dated July 26, 1940, five days after the date on the letter. Even if the note mentioned in the letter of July 21st were the note dated July 26th there is nothing said in that letter which would tend to prove that consideration had been given for the note. Mr. Peter did not produce the contract of which he claims this note is a part of the same transaction and respondent testified no contract was found among the effects of decedent. Among the letters introduced in rebuttal by respondent, were a number alluding to appellant's lack of money and hopes for procuring some and a letter dated November 4, 1943, in which appellant tells deceased that:

"We will go over that note matter during my next visit, which I hope will be sometime this month."

This letter did not identify the note alluded to therein as the note being sued upon in this action.

None of these letters nor the testimony given tend to prove that the note was given for a valuable consideration because it does not deal with the transactions or occurrences which happened at the time of the making of the note; or which would show consideration or lack of consideration therefore, but deal entirely with later events. It follows that respondent did not waive the benefit of the statute on the question of consideration, and this is so even though respondent's attorney argues in his brief to this court that such evidence did tend to prove consideration. When this evidence was introduced in the lower court it was merely for the purpose of showing that the decedent considered the note a valid obligation and not for the purpose of proving a valuable consideration. The fact that the attorney, long after the trial, argues in this court that this evidence tends to prove a valuable consideration does not make it so and therefore the statute was not waived in this case.

Appellant further contends that there was insufficient evidence to sustain the judgment because respondent had

failed to sustain the burden of proving the giving of a valuable consideration for the note. The note upon which this suit is based recites that it was given for a valuable consideration, this is an admission by the payor of that fact, even without Sec. 61-1-25, U. C. A. 1943. That section provides that every negotiable instrument shall be deemed issued for a valuable consideration, and is applicable to this note since it was negotiable. See *Owens* v. *Blackburn,* 161 App. Div. 827, 146 N. Y. S. 966 and *Hance Hardware Co.* v. *Howard,* 1 Terry, Del., 209, 8 A. 2d 30.

It is such evidence as outlined above that appellant relies upon as being sufficient to cast a doubt on the presumed fact that the note was given for a valuable consideration and thereby to shift the burden of proving such consideration upon respondent. As we have pointed out above there was nothing written in any of the letters or other evidence introduced by either party which related at all to the consideration given for the note sued upon here. At most this evidence merely revealed a friendly and business relationship between appellant and deceased. It neither tended to refute nor prove the claim that there was no valuable consideration given for the note. Under such circumstances there can be no question of the shifting of the burden of proof. The court therefore had before it sufficient evidence upon which to base its finding that the note was given for a valuable consideration and it did not err in entering judgment accordingly.

Affirmed. Costs to respondent.

McDONOUGH,.J., concurs.

WOLFE, Justice.

I concur in the opinion of Mr. Justice WADE and in the elucidation thereof by Mr. Justice LATIMER.

LATIMER, Justice (concurring in the result).

I concur in the result.

While I believe the restrictions imposed by the statute can be waived by the protected party, I do not believe the

waiver should be extended beyond the scope of the matter brought into issue.

The plaintiff, as part of her complaint, alleged that the note had not been paid. The defendant, in his answer, denied this allegation and set up two affirmative defenses, one which is not material to this decision and the other, failure or lack of consideration. The plaintiff apparently concluded the denial of non-payment of the note framed an issue which she should overcome. To do this she produced testimony that deceased, just prior to his death, stated the full amount of the note was due and owing. The introduction of this evidence opened the door for defendant to testify concerning the same matter, that is, had the note or any part of it been paid.

Appellant seeks to extend the waiver further than this. He contends the introduction of the evidence not only opened the door concerning payment but also opened it for the purpose of permitting him to testify on his affirmative defense of failure of consideration. Plaintiff's evidence did not open up, deal with, reflect upon or raise an issue about failure of consideration. The evidence on this defense is not connected with, related to or part of the evidence which was produced to establish non-payment. In cases where issues are severable, the introduction of evidence dealing with one does not waive the statutory restriction on others. The plaintiff, not having waived the statutory restriction, except as to payment, is entitled to the protection of the statute on the other issues. For this reason the trial court did not err in excluding the tendered evidence.

PRATT, Chief Justice (concurring in part—dissenting in part).

I am not convinced that the prevailing opinion has arrived at the right result. Counsel for plaintiff (respondent) argues (pages 20, 21 of his brief) that the evidence introduced as to conversations and transactions between the

deceased and plaintiff's witnesses—particularly the witnesses Morgan as to the $5,000 note—are probative of the fact that both parties to the note considered it a valid and subsisting obligation. This testimony was produced by plaintiff in her case in chief and before she had rested. The probative effect of this testimony is that there was consideration for the note—that it evidenced an indebtedness owing from defendant (appellant) to the deceased. Under the non-statutory waiver rule proposed by the prevailing opinion, this testimony opened the door to the issue of consideration, and unsealed the lips of defendant Peter as to transactions equally within his knowledge and that of the deceased, which tend to prove that the note was issued without consideration. I think the prevailing opinion propounds the acceptable rule for non-statutory waiver of the "Dead Mans" statute, when it does not limit the testimony offered by the defendant to merely the particular bit of conversation or the particular transaction which took place between the witness on behalf of the deceased's estate and the deceased in his life time. The effect of that conversation or that transaction should be considered, and if it tends to support the estate's version of an issue about which defendant's lips would otherwise be sealed, then it constitutes a waiver of the benefit of the statute and unseals those lips.

Ordinarily in cases such as this, the question would not arise, as there is no necessity under the pleadings for plaintiff to do more than present the note in evidence. Having done that the burden would shift to defendant to present evidence in support of his affirmative defense of no consideration. In attempting this, however, his lips would be sealed by the statute as to matters equally within the knowledge of himself and the deceased; and possibly his defense would be of no avail to him. In this case, however, the plaintiff in her case in chief introduced these conversations that her counsel considers probative of a valid and subsisting obligation in the form of the note. By such proof she has anticipated defendant's affirmative de-

fense and unsealed defendant's lips from the inhibitions of the statute. That plaintiff's counsel had in mind, when he produced such testimony, it would be good proof of nonpayment of the note is immaterial. Evidence frequently has probative value upon more than one issue.