CLARA BELLE DICE, Administratrix, Appellee, v. HAZEL K. JOHNSON, Appellant.

**EVIDENCE: Documentary—Preliminary Showing As to Photographs.**
1   Photographs taken long after the happening of the principal occurrence may be refused in evidence, unless accompanied by a showing that conditions at the time of the occurrence and at the time of the taking of the photographs were the same.

**WITNESSES: Attendance—Showing for Attachment.** The court is not required to act upon a mere oral and informal request for an attachment for a witness.

**TRIAL: Reception of Evidence—Nonresponsive Answer.** The fact that an answer is given so quickly as to prevent objection to the question does not give the adverse party a right to object to the answer as nonresponsive.

**DEATH: Evidence—Life Expectancy of Minor.** In a personal injury action by the administrator of a minor, it is not reversible error to take the life expectancy of the minor and deduct therefrom the number of years required to bring the minor to his majority—no objection being interposed by the plaintiff.

**WITNESSES: Examination—Leading Questions.** Whether an answer to a question should be excluded because suggested to the witness by a prior leading question to which objection was sustained, must be left to the sound discretion of the trial court.

**EVIDENCE: Documentary—Photographs.** Proof that a photograph is true cures any prior *assumption* that it was true.

**TRIAL: Instructions—Dual Assignment of Negligence.** Manifestly, a finding by the jury in a personal injury action that defendant was not guilty of *one* assignment of negligence does not entitle defendant to a final verdict, when the pleadings and evidence carry *other* assignments of negligence upon which defendant might be found liable.

**TRIAL: Instructions—Erroneous Implication—Correction.** A mere *implication* in one part of an instruction that a traveler upon the highway is under no obligation to give attention to a vehicle *while it is on the wrong side of the highway* may be quite effectually effaced by other parts of the instruction wherein the jury is very clearly and correctly informed as to the proper degree of care on the part of the traveler.

NEW TRIAL: Misconduct of Jurors—Discussion of Former Verdict. 9 The casual mention, without more, by a juror during the deliberations of the jury as to the amount of a former verdict does not constitute grounds for a new trial.

AFFIDAVITS: Refusal to Call Affiants for Cross-Examination. Whether 10 affiants to affidavits in opposition to a motion for a new trial shall be called for cross-examination rests in the sound discretion of the trial court.

NEW TRIAL: Verdict—$10,000—Excessiveness. Verdict for $10,000 11 for pain, suffering, and death held nonexcessive.

*Appeal from Cedar Rapids Superior Court.*—ATHERTON B. CLARK, Judge.

APRIL 8, 1922.

OPINION ON REHEARING DECEMBER 11, 1923.

OPINION ON SECOND REHEARING JUNE 24, 1924.

REHEARING DENIED DECEMBER 11, 1924.

ACTION for damages for personal injury resulting in death. There was a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Redmond & Stewart* and *Grimm, Wheeler & Elliott,* for appellant.

*Johnson, Donnelly & Lynch,* for appellee.

ARTHUR, C. J.—The fatal accident involved herein occurred on E Avenue in the city of Cedar Rapids, in the afternoon of the 15th day of September, 1917. The defendant, a young woman, was driving west in a roadster automobile. The decedent, a young man eighteen years of age, was riding east on his bicycle. A collision resulted between the automobile and the bicycle, whereby the young man was fatally injured, dying, as a result of his injuries, a few days later.

The charge of negligence against defendant is predicated

upon two grounds: (1) That she was driving on the wrong side of the street; and (2) that she was driving at a high and dangerous rate of speed, in excess of the rate of speed allowed by the statutes of Iowa. Defendant alleged that the accident complained of was due to the negligence of plaintiff's decedent, and that defendant was free from any negligence whatever. The evidence is in direct conflict, both as to which side of the center line of the street was the place of the collision, and as to the respective speeds of the automobile and the bicycle. The testimony for plaintiff tended to show that defendant was driving on the left side of the street when the collision occurred, and that she was driving in excess of the speed limit permitted by statute. The testimony for defendant contradicted the foregoing, and tended to show that decedent was riding on the left side of the center line of the street, and that he was exceeding the speed limit. E Avenue runs east and west. The north side thereof, therefore, was the right side for defendant, and the south side was the right side thereof for decedent.

I. The first seven errors assigned by appellant relate to rulings on evidence.

(a) The defendant offered in evidence a photograph, Exhibit L. An objection to it was sustained, and error is predicated upon such ruling. An important witness for the plaintiff was

1. EVIDENCE: documentary: preliminary showing as to photographs.

Sorensen, a boy 14 years of age, whose home was on E Avenue and located a short distance from the place of the accident. The witness testified that he stood in the bay window of his home, overlooking E Avenue, and saw Dice riding by on his bicycle in an easterly direction, and saw the collision a few minutes later. The photograph offered in evidence by defendant as a part of her case was taken on September 15, 1918, one year to the day from the date of the accident. It disclosed in the yard of Sorensen's home a tree in full foliage, which is claimed to have been an obstruction to a full view by Sorensen of the place of the accident. The objection to the photograph was that there was no showing that the conditions were the same as on September 15, 1917. This objection was sustained. It will be seen that all the defendant had to do to obviate such objection was to show

that the conditions were similar, and especially so as to the foliage upon the tree. There are seasons when early frosts have destroyed the foliage before September 15th. This might have been so in September, 1917. If not, it was a simple matter to show such fact. The defendant contented herself with saving an exception to the ruling, and made no effort to obviate the objection. The trial court acted clearly within its discretion in requiring some preliminary proof of that kind, as a condition to the admission of the photograph.

(b) The second assignment of error complains of the failure of the court to order an attachment for the production of the witness Sorensen in court. It appears from the record that

2. WITNESSES: attendance: showing for attachment.

there was a former trial of the case, and that the evidence on the present trial consisted largely of reading from the transcript of the evidence of witnesses given on the former trial. The plaintiff had offered the transcript of the testimony of Sorensen on the former trial, and had read before the jury the direct examination of such witness. Preliminary to a reading of the cross-examination of the witness, defendant's counsel caused to be made the following record:

"The defendant offers to read in evidence from the transcript referred to the cross-examination of Albert Sorensen, first inquiring: 'Is Albert Sorensen in the room?'

"The Court: He is not in the room.

"The defendant asks an order for this witness, as he has been subpoenaed. The plaintiff resists the application for an order on this witness. The jury is excused from the room. Argument by parties on application of defendant for the presence of the witness Albert Sorensen."

At this point, the record discloses an argument pro and con by respective counsel. It appears that Sorensen had been subpoenaed by the defendant to appear on October 20, 1920, as a witness for the defendant. Counsel for plaintiff argued that the defendant had no right to interrupt the progress of the plaintiff in introducing his testimony by calling his own witness at that time. He argued also that the defendant had no right to any further cross-examination of the witness than appeared in the transcript, except as she might make the witness her own.

Counter argument was made by defendant's counsel. Thereupon the record proceeds as follows:

"Having made this record, the defendant proceeds to the cross-examination as shown in the transcript, but reserves the right, when the witness Albert Sorensen is produced, either on attachment or otherwise, to further cross-examine him and to press that matter before the court, if the defendant is so advised. The defendant proceeds to read and introduce the cross-examination of the witness Albert Sorensen, made by Mr. Wheeler on the former trial of this case, reading from the same transcript that plaintiff read from."

The trial proceeded from this point, and no further reference was made to the subject of the production of the body of Sorensen in court, either by subpoena or attachment. The error now assigned is that the court erred in failing to have ordered an attachment, upon the oral request of defendant's counsel in the course of the discussion above set forth. The point is not available. The discussion of counsel called for no ruling from the court. The apparent purpose of the record as made by defendant's counsel was to avoid waiver on his part of his right to further examine the witness Sorensen on cross-examination. There was no proper showing made to justify an attachment of the person of the witness, nor was the court bound to act upon a mere oral and informal request.

(c) The third assignment of error is predicated upon the following record:

"State if you had observed the speed of the car from the time it passed your home up until within about 25 feet of the place of the collision. A. It was going about 25 miles an hour.

3. TRIAL: reception of evidence: nonresponsive answer. (This answer was given quickly, before objection could be made, and defendant moves to strike out the answer as not responsive. Motion sustained. Plaintiff's counsel state that they adopt the answer. Motion overruled. Defendant excepts.)"

The foregoing answer of the witness was not responsive. That fact excused the defendant for failure to make objection to the interrogatory, and entitled the defendant to make her objection in the form of a motion to strike; but it was still incumbent

upon defendant to state a ground of objection to the evidence it-
self, other than that it was not responsive. It was open to plain-
tiff to adopt the answer of the witness, notwithstanding that it
was not responsive. It was not available to the defendant to
object to the answer on that ground. The fact that it was not
responsive was a sufficient reason for permitting the defendant
to make her appropriate objection after the answer, but it did
not dispense with the necessity of basing her objection upon
appropriate ground.

(d) It was admitted on the trial that the life tables show
that a person 18 years old has an expectancy to attain the age
of 60.87 years of age: in other words, that he may expect to live

4. DEATH: evi-
dence: life ex-
pectancy of
minor.

42.87 years after his eighteenth birthday. Ad-
mitting the fact, the defendant objected to its
introduction in evidence because it did not fur-
nish a proper basis of computation, in that the administrator
was not entitled to recover for loss of time between the years of
18 and 21, and that the only proper evidence of expectancy was
the expectancy of a person 21 years of age. The objection was
overruled, and the evidence was received. The court instructed
the jury to deduct three years from such expectancy, for the
purpose of making their computations. This of itself would
cure the very error complained of, if error it was. Counsel
evidently overlook the fact that the rule adopted by the court
was more favorable to the defendant than to the plaintiff. If
the court had adopted the rule urged by the defendant, and had
adopted the expectancy for a person 21 years of age, it would
have carried the expectancy of the decedent beyond 60.87 years
of age. In other words, according to the life tables, the older a
man becomes in fact, the greater becomes his expectant age.
Whereas a man of 18 may expect, under the tables, to live to
60.87, a man of 60 may expect to live beyond 70. A man of 21
may expect to live beyond the age accorded by the tables to a
man of 18. The rule adopted by the court is the correct rule.
If it were otherwise, the defendant profited by it.

(e) Plaintiff put a leading question to the witness Soren-
sen, objection to which by defendant was sustained. Thereupon,
the plaintiff reformed the question so that it was not leading,

5. WITNESSES:
   examination:
   leading ques-
   tions.

and obtained an answer thereto. Complaint is made that the leading question had served its purpose, in that it had instructed the witness as to the answer desired. It is true that courts will not permit counsel to instruct a witness in such manner. The court has abundant power of discretion to prohibit it. The court exercised its discretion in this case in favor of the question, and there was no abuse of discretion thereby.

(f)   Plaintiff purported to produce a photograph of the place of the accident and its immediate surroundings. In the taking of same, a person was caused to stand at the alleged place of the accident. This photograph was shown to

6. EVIDENCE:
   documentary:
   photographs.

the witness Sorensen. His attention was directed to the person appearing in the photograph, and he was asked to state the place of accident as related to the place where the person stood. Objection was made to this question because it had not been shown that the photograph was a true one, and because the witness was not present when the photograph was taken, and because the person appearing in the photograph was put there only for the purpose of the photograph. The objection being overruled, the witness answered that the place of the accident was at the spot where the person appeared to be standing in the photograph. He also testified that the photograph was a true photograph of the surroundings. The answers of the witness completely obviated all legitimate objection.

II.   Appellant complains of the eighth instruction. The seventh instruction of the court had dealt with the charge of negligence predicated upon excessive speed. No complaint is

7. TRIAL: instruc-
   tions: dual as-
   signment of
   negligence.

made of that instruction. The eighth instruction dealt with the allegation of the petition which charged that the defendant, at the time of the collision, was driving on the wrong side of the street. The burden of proof was put upon the plaintiff. The court, in substance, charged that, if it were not proved that the defendant was on the wrong side of the street,—that is, that she was driving upon the left-hand side of the street without legal excuse,— or if she was driving on the left-hand side of the street and such

fact was not the proximate cause of the accident, then, in any such event, the jury should find for the defendant on that issue. The complaint made is that the court should not have put such limitation upon the jury, but should have charged the jury that, in any such event, they should find for the defendant upon the whole case. Clearly, the fact, if such, that the defendant was acquitted of one charge of negligence would not, of itself, make it impossible to find her guilty of the other charge of negligence. She might have been on the right side of the street, and yet have been guilty of negligence on the ground of excessive speed. It was appropriate, therefore, that the court should have put upon the jury the limitation complained of.

III. Instruction No. 9 given by the court reads:

"You are instructed that it was the duty of the decedent, William Merrill Dice, to observe where he was proceeding, and the objects, vehicles, and condition of the avenue referred to in the evidence, at and prior to the time of the collision, in order to avoid collision with other vehicles lawfully thereon at the time, if it was reasonably possible for him to do so; and if you find from the evidence that the said William Merrill Dice failed to observe where he was proceeding, as a reasonably prudent and careful person would observe, at the place and under the circumstances shown in the testimony, then your verdict will be for the defendant."

8. TRIAL: instructions: erroneous implication: correction. ·

Instruction No. 10 reads:

·"You are further instructed that the said William Merrill Dice was required by the law to ride his bicycle in a careful and prudent manner, and with due regard to the safety and convenience of pedestrians and other vehicles lawfully using the streets, and if he failed to comply with the law in this respect, and this failure contributed to the collision and injury, the plaintiff cannot recover."

It is to the phrases used in these instructions, "*lawfully* thereon at the time*,*" and "*lawfully* using the streets*,*" that complaint is made. The italicizing of the word "lawfully" is ours. A minority of the court, including the writer of this opinion, think that inclusion of the above quoted clause in the

instructions constituted reversible error; that by inclusion of
said phrases the instructions, in substance, told the jury that,
if they found that defendant was driving on the wrong side of
the street, and as fast as claimed by plaintiff, then defendant
was not "lawfully" on the street, and the boy was not required
to be free from negligence by exercising due care in observing
how the street was occupied by others, and in riding his bicycle
in a careful and prudent manner and with due regard to the
safety and convenience of pedestrians and of other vehicles using
the street. The majority of the court, while not approving the
use of said phrases, and viewing their use as unhappy, holds
that inclusion thereof in the instructions, in view of other por-
tions of said instructions and still other instructions, did not
constitute reversible error. It is conceded that it was the duty
of decedent to exercise due care with reference to everyone upon
the street, regardless of whether lawfully thereon or not. But
at this point in Instruction 9, the court laid upon the decedent
an undue burden of duty: not simply a duty to use due care,
but a mandatory duty to *observe* objects and vehicles *and to
avoid* collision with other vehicles. Under this part of the in-
struction, the decedent was bound to see and was bound to avoid
whatever was lawfully upon the street. The error of the in-
struction at this point was against the plaintiff. The decedent
was not necessarily bound to see nor bound to avoid collision
with all vehicles lawfully upon the street. It would necessarily
follow that he was not bound to see nor bound to avoid collision
with vehicles unlawfully upon the street. There was nothing in
this part of the instruction which affirmatively put any undue
burden upon the defendant. The real objection to the phrase
"lawfully thereon at the time" is the possible implication that
might be drawn therefrom. Such implication, however, was
fully guarded by the closing sentence of the instruction, as fol-
lows:

"And if you find from the evidence that the said William
Merrill Dice failed to observe where he was proceeding, as a
reasonably prudent and careful person would observe, at the
place and under the circumstances shown in the testimony, then
your verdict will be for the defendant."

In other instructions the court emphasized the duty of the decedent to use ordinary care, and that, if he was guilty of any contributory negligence which contributed to the collision, the plaintiff could not recover.

IV. The defendant filed a motion for a new trial. One of the grounds thereof was misconduct of the jurors in the jury room, in that they considered and discussed the former verdict of $13,500 which had been rendered upon the first trial. The motion was supported by the affidavits of two jurors, which stated, in substance, that the subject of the former verdict was stated in the jury room by someone. In resistance to the motion, the plaintiff filed the affidavits of each of the twelve jurors. These affidavits disclosed, in substance, that only two of the jurors knew or had heard of the amount of the former verdict, and that a passing remark had been made by one of them to the other, and that there was no discussion thereof in any other sense. The verdict returned by the jury was for $10,000. The affidavits of the jurors having been filed by the plaintiff, the defendant asked for an order requiring the jurors to appear for a cross-examination on their affidavits. This application was denied. Complaint is made of such ruling. It was clearly within the discretion of the trial court to grant or deny such application. *State v. Bitter Root Valley,* 185 Iowa 60, 72.

9. NEW TRIAL: misconduct of jurors: discussion of former verdict.

10. AFFIDAVITS: refusal to call affiants for cross-examination.

V. Lastly, it is urged that the verdict is excessive. It is a large verdict. If it were predicated wholly upon the loss to decedent's estate of the present value of the net earnings of his expectant life, the jury must have found a very large estate as the probable result of such life. But more than that is involved. The suit was begun during the lifetime of the decedent. He lived for two or three weeks after the accident. The pain and suffering endured by him were very great. There is no definite measure of damage for such pain and suffering. In the situation presented by the

11. NEW TRIAL: verdict: $10,000: excessiveness.

record, we see no way that we can lawfully interfere. The judgment below is, therefore, affirmed.—*Affirmed.*

EVANS, PRESTON, STEVENS, DE GRAFF, and VERMILION, JJ., concur.