## CLAYTON v. OGDEN STATE BANK.

No. 5309. Decided November 2, 1933. (26 P. [2d] 545.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*Ingebretsen, Ray & Rawlins* and *J. M. Christensen,* all of Salt Lake City, for respondent.

MOFFAT, J.

This is an action against the Ogden State Bank as administrator with the will annexed of the estate of Harry D. Brown, deceased, for wages for services alleged to have been rendered by plaintiff for the deceased. The plaintiff endeavored to establish a claim against the decedent's estate for a sum in excess of $5,000 under an alleged oral contract made with deceased in 1922. The services are said to have terminated in 1925. The decedent lived till May 4, 1930. No action was taken on the alleged account until the filing of this action in December, 1931.

The answer is a general denial and a defensive plea of the statute of limitations.

At the trial the plaintiff was the only witness called except counsel for defendant was called by plaintiff and interrogated concering a stipulation and the taking of a deposition. Upon the trial the defendant objected to the plaintiff testifying upon the ground that plaintiff was in-

competent to testify under subdivision 3, § 7123, Comp. Laws Utah 1917, which provides:

"The following persons cannot be witnesses: * * *

"3. A party to any civil action, suit, or proceeding, and any person directly interested in the event thereof, and any person from, through, or under whom such party or interested person derives his interest or title or any part thereof, when the adverse party in such action, suit, or proceeding claims or opposes, sues or defends as guardian of any insane or incompetent person, or as the executor or administrator, heir, legatee, or devisee of any deceased person, * * * as to any statement by, or transaction with, such deceased, insane, or incompetent person, or matter of fact whatever, which must have been equally within the knowledge of both the witness and such insane, incompetent, or deceased person, unless such witness be called to testify thereto by such adverse party, so claiming or opposing suing or defending in such action, suit, or proceeding."

Appellant assigned eight errors, only three of which are argued. Errors assigned but not argued are deemed abandoned. *Hansen* v. *Oregon Short L. R. Co.*, 55 ■ Utah 577, 188 P. 852. The three errors upon which appellant relies, stated in his own language, are:

1. "The trial court committed reversible error in sustaining objection to plaintiff's testimony for the reason that the defendant waived its right to object to his competency under Subd. 3, Sec. 7123, Comp. Laws Utah, 1917, when it took his deposition prior to the trial."

2. "The court erred in sustaining defendant's objections to plaintiff's offer in evidence of the deposition marked exhibit 'B,' the letters marked exhibits 'A' and 'C' and the telegram marked exhibit 'D.' "

3. "The court erred in sustaining objections to plaintiff's offer to testify as to the handwriting of decedent in exhibit 'C.' "

At the trial the plaintiff (appellant) was permitted to testify as to his acquaintance with deceased, that he had corresponded with him, and to other preliminary matters. The court precluded the plaintiff from testifying as to conversations with the deceased bearing on the facts in controversy, or from identifying and introducing documents which were asserted to be evidence in support of his claim. No proof was offered as to the presentation to and rejection of the claim by the administrator before suit.

It appears from the record that the deposition of the plaintiff was taken before the trial of the cause. This was done in pursuance of a stipulation. Omitting the title and the formal parts, the part of the stipulation claimed by appellant to constitute a waiver such as to permit its introduction or allow the plaintiff to testify, reads:

"The parties * * * stipulate and agree that the deposition of N. W. Clayton, plaintiff herein, may be taken. * * * The deposition when taken, shall be certified to * * * and upon the trial of this cause may be offered or received in evidence on behalf of either party hereto, *subject to any objection* (excepting as to the form thereof) *that might be interposed if the witness were present and testifying at the trial.*" (Italics added.)

It is apparent from the assignments made and the arguments and authorities presented that the force and applicability of the statute precluding the plaintiff from testifying is recognized, unless defendant's right to invoke the protection of the statute has been waived by the stipulation and taking of the deposition of the plaintiff, in pursuance thereof.

That plaintiff's exhibits, the letters marked Exhibits A and C and the telegram marked Exhibit D, were not admissible in evidence, is clear. If it be conceded that the letter, Exhibit C, is in the handwriting of the deceased, still there is nothing in the letter tending in any way to prove the alleged contract. The letter was properly excluded as was likewise the telegram. Neither can be construed by any possibility to sustain the alleged oral contract, and Exhibit A, the letter from plaintiff to deceased, is purely a self-serving document and aside from the effect of the statute or other connecting evidence was properly rejected by the trial court. *Kislingsbury* v. *Evans*, 40 Utah 356, 121 P. 571.

As to when an incompetent witness may be permitted to testify because of conduct or waiver of the adverse party, counsel for both parties to this proceeding have collected and argued the cases. Appellant's position maintains a

waiver. Respondent insists there was no waiver. Many of the cases cited by appellant when carefully read fall within the provision of our own statute, that is, the witness was called by the adverse party, thus removing the bar the statute interposes. As to this proposition cases need not be cited.

The question here dividing the parties is: "When is a witness called by the adverse party?" Appellant maintains that the taking of a deposition by the adverse party constitutes a waiver or brings the case within the terms of the statute. Many of the cases refer to the taking of a deposition as a waiver. As we see the situation, the elements of a waiver are not present. The real question is whether the adverse party has called the witness in his behalf and thereby removed the incompetency. The witness referred to by the statute is incompetent, "unless such witness be called to testify * * * by such adverse party." When the witness is so called, the incompetency is by that act removed.

Some of the cases hold that the taking of a deposition by the adverse party renders the witness competent to testify, others hold that the taking of the deposition and the further step of filing it with the court is requisite, while others hold that the deposition or part of it must be offered in evidence before the incompetency is removed and then only as to the matters offered.

A few typical cases may be noted:

*Allen* v. *Pollard*, 109 Tex. 536, 212 S. W. 468, 469:

"With his [Allen's] testimony compelled under oath and obtained at the instance of the adverse party through the force of the law * * * Allen must be regarded as having been called by his adversary to testify concerning the transaction with the decedent * * * equivalent * * * to placing him upon the stand."

*Borgess Inv. Co.* v. *Vette*, 142 Mo. 560, 44 S. W. 754, 756, 64 Am. St. Rep. 567:

"When plaintiff took the deposition of Vette [the defendant], and filed it in the cause, it thereby waived his incompetency as a witness for all purposes, whether the deposition was read upon the trial or not."

### Bartlett v. Bartlett, 15 Neb. 593, 19 N. W. 691:

"It is conceded that, if objection is made at the proper time, the plaintiff was an incompetent witness under the provisions of the law in force at the time of the trial. But that question is not before us. The benefit of the statute can be waived, and in that event the witness becomes competent. The deposition of the plaintiff appears in this record. * * * There is no record of any objection being made to it on the trial, and the appellants quote from it in their brief. The presumption must be that objection to it was waived, and that it was read on the trial."

### McClenahan v. Keys, 188 Cal. 574, 206 P. 454, 455:

"The administrator took the testimony of the plaintiff by a deposition." Held: "The administrator made him a witness, and thereby waived the objection of incompetency."

### Allen v. Chouteau, 102 Mo. 309, 14 S. W. 869, 871: An action by the executors of Thomas Allen to recover against Chouteau:

"Allen's [deceased's] deposition having been filed in this cause, and read by the plaintiffs, the court properly allowed Chouteau. [defendant] to testify in his own behalf," but only as to matters covered by the deposition.

### Barret v. Cady, 78 N. H. 60, 96 A. 325, 328:

"By taking the plaintiff's deposition as to matters to which he could not testify against objection, the defendant made the plaintiff a witness in the case and waived the objection to his testimony. Clark v. Clark, 76 N. H. 430, 83 A. 515."

### Wyatt v. Chambers (Tex. Civ. App) 182 S. W. 16, 19:

"The filing of the direct interrogatories was the 'calling' of the witness in this instance, and she was therefore called by the plaintiff and not by the defendant."

### Hodge v. St. Louis Union Trust Co. (Mo. Sup.) 261 S. W. 67, 72:

"There is no doubt that the incompetency of a witness under the statute may be waived, as by taking his deposition by the adverse

party, whether the same be filed in court or not (*Rice* v. *Waddill*, 168 Mo. 99 (7), 67 S. W. 605; *Alexander* v. *Sovereign Camp W. O. W.*, 193 Mo. App. 411, 186 S. W. 2), or by permitting him to testify without objection (*Belch* v. *Roberts*, 191 Mo. App. 243, 177 S. W. 1062)."

In re *Trautmann's Estate*, 300 Mo. 314, 254 S. W. 286, 288:

"One of the purposes to be subserved by the statute which renders a party incompetent to testify in his own favor when the other party to the contract or cause of action in issue and on trial is dead is the putting of the parties to a litigated controversy, in those circumstances, on a footing of equality. Where the lips of one of the original parties to such a contract or cause of action is sealed in death, the law closes the mouth of the other. As, however, the disqualification imposed by the statute is for the benefit of him who stands in the place of the deceased party, or whose rights are derived through him, he may waive it and require the surviving party to testify as a witness in his behalf. In doing so, however, he may not limit his waiver."

*Levy* v. *Dwight*, 12 Colo. 101, 20 P. 12: By the Colorado statute (Gen. St. 1883, § 3641):

"When in any such action, suit or proceeding [between a deceased person or representatives and another], the deposition of such deceased person shall be read in evidence at the trial, any adverse party or parties in interest may testify."

In *Levy* v. *Dwight*, supra, the deposition was not read, and the adverse party was not permitted to testify.

*Bambauer* v. *Schleider*, 176 App. Div. 562, 163 N. Y. S. 186, 188:

"Frank Hommel was examined before trial by the plaintiff * * * and testified to the oral agreement on which he relies. Upon the trial the plaintiff did not see fit to use any part of such examination, and Hommel introduced and read in evidence the testimony he had given upon such examination * * * over the plaintiff's objection that it was incompetent" under the statute. Held incompetent and reversible error.

To the same effect is the case of *Keyser* v. *Warfield*, 103 Md. 161, 63 A. 217.

*Hollis* v. *Calhoun*, 54 Ga. 115, 116:

"The fact that the testator's interrogatories had been taken in his lifetime, and were in court but not read in evidence by the plaintiffs,

did not make the defendant a competent witness to testify in his own favor."

There is a substantial division in the authorities as to whether the incompetent witness, under the statute may testify even when the deposition is taken upon notice and subpoena and the witness is cited in to testify on behalf of the party entitled to the benefit of the objection, where the deposition is not offered or read in evidence at the trial by the party entitled to the benefit of the statute. *Percy* v. *Miller*, 115 Wash. 440, 197 P. 638; *Maldaner* v. *Smith*, 102 Wis. 30, 78 N. W. 140.

Under section 7178, Comp. Laws Utah 1917, as amended by Laws of Utah 1929, Chap. 63:

"The testimony of a witness in this State may be taken by deposition in an action, at any time after the service of the summons or the appearance of the defendant; and, in a special proceeding, after a question of fact arisen therein in the following cases:

"1. When the witness is a part or an officer or agent of a corporation which is a party in the action or proceeding, or a person or an officer or agent of a corporation, for whose immediate benefit the action or proceeding is prosecuted or defended." (Then follows four subdivisions not material here.)

This section gives a party the right to take the deposition of any witness who is a party prosecuting or defending or an officer or agent of such a corporation.

The taking of a deposition does not constitute evidence in a case. The officer before whom a deposition is taken has no power to pass upon the relevancy, materiality, or competency or otherwise whether any matter or thing inquired about may be admissible in evidence. Such questions are for the court when the deposition or any part of its is offered in court as evidence. In other words, the statute confers on either party the right to take the deposition of the other, for use if necessary conditions arise. The deposition may be taken for the purpose of exploration, or ascertaining of facts on which either party may rely. The taking of a deposition neither adds

to nor takes away the competency of a witness, and neither party is bound to offer or use the deposition, nor may the adverse party require its use without consent.

"The test of competency is of the time when the evidence was offered. * * * Objections to the competency of a witness, or the propriety of any question put to him, or the admissibility of any testimony given by him, may be made at the time the deposition is produced at the trial. Comp. Laws Utah 1917, § 7176." *Baker* v. *Glenwood Min. Co.* (Utah) 21 P. (2d) 889, 892.

It is clear that under the provisions of the statutes of this state and the former holding of this court that the taking of a deposition has nothing to do with the competency or incompetency of a witness. The question of competency is one to be determined by the court at the time the evidence is offered, and then it is not a question of waiver, but one as to whether, "such witness be called to testify * * * by such adverse party," or such adverse party offers in evidence the deposition of such witness, thereby bringing the testimony of such deponent within the express terms of the statute. To hold otherwise subjects the construction of the statute to an interpretation and application of a variety of antecedent circumstances, facts, and relationships that may be argued about to modify or avoid the express terms of the statute.

Regardless of the division of authorities or of any cases contra, the deposition in this case stood in no better position than the witness stood or would have stood had the deposition not been taken, for the reason the stipulation declares that it is taken "subject to any exception that might be interposed if the witness were present and testifying at the trial." The stipulation puts an end to the argument.

Respondent devoted some space in its brief to the question that no evidence was offered in support of the allegation of plaintiff's complaint that the claim was presented and rejected before suit was brought. No cross-appeal or cross-assignments of error have been taken or made. The question is therefore not before us.

We find no reversible error in the record. The judgment of the trial court is affirmed. Respondent to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.