No. 16,465.

GOTTESLEBEN *v.* LUCKENBACH, EXECUTOR.

(231 P. [2d] 958)

Decided April 9, 1951.   Rehearing denied May 21, 1951.

Mr. WILLIAM ALAN BRYANS, Mr. GEORGE A. LUXFORD, Mr. NORMAN E. COBB, for plaintiff in error.

Messrs. BANCROFT, BLOOD & LAWS, Mr. ROBERT C. TALLMADGE, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

IN the estate of Richard M. Gottesleben, deceased, plaintiff in error filed caveat objecting to the probate of a tendered will and alleging that she was the common-law wife of decedent. The issue so tendered was set for trial to the court and at the close of the evidence offered in behalf of caveatrix motion to dismiss was made by the executor on the ground that it was not sufficient to establish the marriage. The motion was sustained and appropriate judgment entered.

█ One ground of reversal here urged is the asserted error of the court in granting the motion for dismissal. Where trial is to the court, such motion is properly interposed as a challenge to the evidence, and it may be sustained if, in the opinion of the court, plaintiff's case has not been made out by a preponderance of the evidence. *Niernberg v. Gavin,* 123 Colo. 1, 224 P. (2d) 215. A careful review of the evidence here convinces us that we may not interfere with the action of the trial court in sustaining the motion.

█ █ Further error is predicated on refusal of the court to compel the attendance of witness Knoch. The record discloses that the deposition of said witness was available; that some time prior to the trial, opposing counsel informed counsel for caveatrix that said witness, who was a physician, had advised that his health would not permit his testifying and consented to introduction in evidence of all or any parts of his deposition, or to further deposition being taken. At the time of the trial corroborating certificate of another physician was admitted as to danger to the health of the witness, should he be called to testify. No showing was made as to what evidence counsel desired to obtain from said witness or that the desired evidence was material. Further, counsel made no application for attachment of said witness for

contempt, no demand that he be required to attend, and no request for continuance of the case. "The issuance of an attachment is not, however, a necessary consequence of nonattendance in obedience to a subpoena, or a matter of absolute right, and the court is not bound to order the attachment of the witness ex mero motu on his failure to appear, but the matter rests in the discretion of the court." 70 C.J. 62, §49. "While the court, in its discretion, was undoubtedly authorized to compel such witnesses to appear in court and testify, yet, for this court to reverse the finding of the court below, and send the case back upon that ground, is a different matter, and one we would not be warranted in doing, since the affidavit of the relator for the attachment prayed fails to set forth what is expected to be proved by such witnesses to appear in court and testify, yet for this court them was necessary, pertinent, or in any way material in the case." *People ex rel. Dean v. Commissioners,* 7 Colo. 190, 2 Pac. 912. See, also, *Dice v. Johnson,* 198 Iowa 1093, 199 N.W. 346. We find no abuse of discretion here.

It further is urged that the court erred in not permitting caveatrix to testify in her own behalf for the reason that her deposition was taken in behalf of the adversary party and was included in the record. The deposition of this party was avowedly taken for the purpose of discovery, under Rule 26(a), R.C.P. Colo.; neither the deposition nor any part of it was offered in evidence by the executor either in the county court or in the district court, and, under Rule 26 C(f), R.C.P. Colo., such taking of deposition is not a waiver of objection to the competency of the witness.

Further error is assigned as to several rulings on the admission of testimony, but we think none of them is worthy of serious consideration.

The judgment is affirmed.

MR. JUSTICE HILLIARD dissents.