UNITED STATES of America

v.

**Rafael GRECO, alias Ralph Demone, alias Ralph Marino, alias "Raffi"**
**and**
**William Vasilick, alias William Wasilick, alias William Miller, alias William Russon, alias "Pollock".**

No. 10515.

United States District Court
M. D. Pennsylvania.

March 17, 1958.

Joseph J. Walsh, Scranton, Pa., for petitioner.

Edwin M. Kosik, Asst. U. S. Atty., Scranton, Pa., for respondents.

WATSON, District Judge.

William Vasilick, by his counsel, filed a Motion for Reconsideration of and Reargument on his petition for a writ of error coram nobis which petition was denied by this Court in an Order filed July 2, 1956. The Court treated the original petition as a motion to vacate, set aside or correct the sentence as provided in 28 U.S.C. § 2255, and denied the relief for the reason that the petition was premature. Petitioner was then, as now, serving the first of two consecutive twenty-five year terms of imprisonment. The second sentence was imposed in this district and service was to begin upon the expiration of any other terms which the petitioner was then serving or under sentence to serve. The Court stated, in its opinion which accompanied the Order of July 2, 1956, that the relief available under 2255 was that available under habeas corpus, i. e., release from custody and since this Court could not effect petitioner's release it was clear that his petition was premature.

Petitioner now contends that this Court erred in so holding and he seeks reconsideration of and reargument on the Order denying the original petition.

The Court has given careful consideration to petitioner's arguments and has found nothing which persuades the Court to withdraw from its position taken in its original Opinion. The Court believes that this petition, under 2255, is premature, and any subsequent petitions filed under this section will be premature until the petitioner is in "custody" under the sentence being attacked. Petitioner has not yet begun to serve the sentence which he attacks in this proceeding and, therefore, the Court can grant no relief.

The most recent case on this subject is United States v. McGann, 2 Cir., 245 F.2d 670, 672, in which the Court stated that " * * * Section 2255 is available only to a prisoner claiming the right to immediate release if the issues are determined in his favor." It is clear that it would be fruitless for this Court to inquire into the merits of petitioner's case at this time. The petition is premature and must be denied.

An appropriate order will accompany this Opinion.