334

No. 19,119.

ARCH A. EDWARDS POST No. 252, REGULAR VETERANS
ASSOCIATION *v.* JOSEPH B. GOULD.
(356 P. [2d] 908)

Decided October 31, 1960.　Rehearing denied November 28, 1960.

Mr. IRVING L. GREENWALD, for plaintiff in error.

Messrs. ZARLENGO, ZARLENGO & SEAVY, for defendant in
error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

THE parties are here in the same order they appeared in the trial court where plaintiff in error was plaintiff in an action seeking to have a deed executed by it and delivered to the defendant Gould, declared to be a mortgage. Following a trial to the court, judgment of dismissal was entered pursuant to Rule 41 b, R.C.P. Colo.

As grounds for reversal, plaintiff contends that the evidence conclusively established that the deed was not a conveyance but a security device, and that the court erroneously found to the contrary.

Negotiations between the Regular Veterans Association, through its steward, William M. Floyd, and the defendant Gould began in June 1957. Admittedly the discussions had to do with the possibility of Gould loaning money to plaintiff. Foreclosure proceedings were being threatened by another party who held a mortgage on the property and plaintiff was seeking to refinance, or in the alternative, to negotiate an outright sale to Gould. A draft of a loan agreement was submitted to Gould in January 1958, but was never signed. On March 20, 1958, an agreement was signed by Gould and Floyd whereby the former agreed to purchase the property outright for the sum of $72,214.33.

In support of plaintiff's contention that the transaction in question was always intended to be a loan, Floyd gave oral testimony that negotiations which occurred from January until the date of the closing on March 20, 1958, all pertained to a loan. Floyd further testified that on March 20, 1958, when the contract of purchase was signed, he had a conversation with Gould in a room adjoining that in which the contract was signed, and that Gould assured him orally that he, Gould was taking the deed as security only for a loan of $72,214.33 and that his only interest in the transaction was to earn a $10,000 premium. Gould denied this latter conversation and testified that the March 20 transaction was exactly what it purported to be, even though there had been loan negotiations prior thereto. Floyd also testified that there

was a memorandum of this secret conversation, but that Gould later destroyed it. It is noteworthy that a lease agreement was executed on April 24, 1958, in which Gould as lessor rented the premises to the plaintiff association. Plaintiff argues that this was a sham agreement designed to disguise the actual transaction.

The trial court considered the lease a strong circumstance in support of its conclusion that the transaction was a bona fide one. Its findings pertinent to that issue are as follows:

"* * * Now whether Mr. Floyd or any members of the association had a secret idea that there was not going to be a sale, and they hoped they might be able to get it back, I don't know. But the testimony, in the Court's opinion, does not bear out any such agreement. It is not that kind of proof which is necessary to hold that an instrument on its face is something other than what it pretends to be, and that's what would be necessary in this case; to hold that this Warranty Deed was in fact a mortgage or some other form of security.

"The testimony in the case is not of that character to support such a theory or to bear out the facts. In fact, in this case, the plaintiff has wholly failed to sustain the burden of proof by a preponderance of the evidence, if you please, that this was in fact a mortgage. * * *"

The trial court further noted that the transaction was one at arm's length in which the parties were represented by counsel and attributed little weight to the fact that the property was sold for $72,000 plus, whereas the original offering price had been $210,000.

The burden was on the plaintiff to establish its premise that the deed was not a deed but was merely a mortgage and to do so by clear and convincing evidence. *Pullara v. Hed,* 121 Colo. 234, 215 P. 2d 321; *Oppegard v. Oppegard,* 90 Colo. 483, 10 P. 2d 333; *Butsch v. Smith,* 40 Colo. 64, 90 Pac. 61. The single item of evidence arousing some doubt is the disparity between the amount for which the plaintiff originally offered to sell

the property, $210,000, and the amount of the ultimate purchase price. Although this fact excites suspicion, it is not sufficient to sustain the burden of proof required by the standard referred to above. The trial court concluded that the preponderance of evidence favored the defendant and in view of its superior opportunity to observe the witnesses and evaluate their testimony, we are not at liberty to set aside its carefully considered findings.

Under Rule 41 (b) (as amended on May 17, 1951), the court was empowered to determine the case on its merits and to render a judgment based upon its findings. *Gottesleben v. Luckenbach,* 123 Colo. 429, 231 P. (2d) 958; *Niernberg v. Gavin,* 123 Colo. 1, 224 P. (2d) 215, and see 5 *Moore, Federal Practice,* sec. 41.15 (4) (2d ed. 1951).

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE MOORE concurring.