357 P.2d 935

George Arthur THOMAS, Plaintiff-Appellant,

v.

Nina Oma THOMAS, individually and as Executrix of the Last Will and Testament of Walter Thomas, Deceased, Defendant-Respondent.

No. 8859.

Supreme Court of Idaho.

Dec. 22, 1960.

Smith & Miller, Caldwell, for appellant.

Alexanderson & Davis, A. Elwyn Larson, Caldwell, for respondent.

SMITH, Justice.

Appellant is a surviving son of Walter Thomas, deceased, and stepson of respondent, Nina Oma Thomas.

November 29, 1958, appellant commenced this action against respondent, his stepmother, individually and as executrix of decedent's estate. Appellant alleges in his complaint that his father orally promised to will 60 acres of his farm land to appellant, if the latter would stay on the farm and help operate it; that relying on his father's oral promise, appellant stayed on the farm, rendered various services, and fulfilled the requirements of the agreement; but that his father violated his promise in that he did not will the 60 acres to appellant.

Respondent, in her answer, denies appellant's allegation that Walter Thomas made any such promise, or that he willed the 60 acres to appellant; and alleges that appellant, during 1956 left the farm of his father and stepmother, and moved onto his own farm.

Trial was had before the court without a jury. At the conclusion of appellant's case, respondent moved to dismiss the action. The court granted the motion and entered judgment of dismissal. Plaintiff appealed from the judgment.

Appellant's assignments of error raise the question whether respondent executrix waived the provisions of I.C. § 9–202 by filing with the clerk of the trial court, and serving and demanding appellant's answers under oath to certain written interrogatories, I.R.C.P., Rule 33, designed to examine into the promise Walter Thomas allegedly made to appellant.

The portion of I.C. § 9–202, sometimes called the "dead man statute," reads as follows:

"9–202. Who may not testify.—The following persons cannot be witnesses:

\* \* \* \* \* \*

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

The trial court sustained respondent's objections to all of appellant's testimony as to matters of fact occurring before the death of Walter Thomas, included within

the purview of the statute. Appellant then made an offer of proof in the premises, which respondent resisted and the trial court denied.

Appellant recognizes the restrictive aspect of I.C. § 9–202. Rice v. Rigley, 7 Idaho 115, 61 P. 290; Coats v. Harris, 9 Idaho 458, 75 P. 243; Kilbourn v. Smith, 38 Idaho 646, 224 P. 432, 41 A.L.R. 1042; Thurston v. Holden, 45 Idaho 724, 265 P. 697; Johnson v. Flatness, 70 Idaho 37, 211 P.2d 769; Ferrell v. McVey, 71 Idaho 339, 232 P.2d 134; but contends that respondent waived the prohibition of the statute for the reasons asserted in the specifications of error.

This Court has recognized, in Chapman v. Booth, 71 Idaho 359, 232 P.2d 668, cited and urged by appellant, that waiver of the prohibition of I.C. § 9–202 may result during the progress of a trial by cross examination of witnesses by decedent's representative beyond the scope of the direct examination of the subject matter falling within the statutory prohibition. Here, however, respondent's examination of appellant on the subject matter included within the statutory prohibition did not occur during the trial; nor did appellant offer in evidence the subject matter, i. e., the deposition, upon which he bases respondent's waiver.

■ The deposition was taken on written interrogatories pursuant to I.R.C.P., Rule 33. This rule, by providing that interrogatories may relate to any of the matters inquired into under Rule 26(b), is coextensive with the discovery procedure of Rule 26 providing for the taking of a deposition for "the purpose of discovery or *for use as evidence* in the action or for both purposes." Rule 26(a). (Emphasis supplied).

Rule 33 provides that the answers may be used to the same extent as provided in Rule 26(d). Rule 26(d) provides, inter alia, that at the trial any part or all of a deposition, *"so far as admissible under the rules of evidence"* (emphasis supplied) may be used against any party present or represented at the taking of the deposition or having due notice thereof, in accordance with the provisions of the paragraphs under subdivision (d); Rule 26(d) (4) provides that if a part of the deposition is offered in evidence by a party, an adverse party may require him to introduce all of it relevant to the part introduced, and any party may introduce any other parts; Rule 26(e) provides, subject to the provisions of Rule 32(c), that certain objections may be made at the trial to receiving in evidence any deposition or part thereof "for any reason which would require the exclusion of the evidence if the witness were then present and testifying," and Rule 32(c) (1) provides as follows:

"Objections to the competency of a witness or to the competency, rele-

vancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time."

·(The balance of Rule 32 is not relevant to the problem here.) Interpretation of Fed. Rules Civ.Proc., Rule 32(c) (1), 28 U.S. ·C.A. which is identical to I.R.C.P., Rule 32 (c) (1), is found in 2 Barron and Holtzoff, Federal Practice and Procedure, § 753, p. 412, viz.,

"Under this rule it has been held that the examination should not be unduly limited or obstructed by interposing objections of this type, since they are not waived by failure to make them."

which follows the ruling of Detective Comics v. Fawcett Publications, D.C.N.Y.1944, 4 F.R.D. 237.

Moreover, Rule 26(f) specifically provides:

"A party shall not be deemed to make a person his own witness for any purpose by taking his deposition."

and further provides that the introduction in evidence of the deposition or any part thereof for use by an adverse party for any purpose as provided by Rule 26(d) (2) does not make the deponent the witness of the adverse party.

It is thus clear that I.R.C.P., Rule 33 and the rules to which it refers presuppose the admission in evidence of a deposition or part thereof desired to be used, or upon which some aspect of the trial may be predicated, by an adverse party, but with the objection thereto saved particularly by Rule 26(f); and by Rule 43(a), should answers to interrogatories be self-serving statements, Bailey v. New England Mut. Life Ins. Co., D.C.Cal.1940, 1 F.R.D. 494; also Haskell Plumbing & Heating Co. v. Weeks, 9 Cir., 1956, 237 F.2d 263, 16 Alaska 436.

Inasmuch as Idaho's Rules of Civil Procedure (effective November 1, 1958) are closely patterned and numbered after the Federal Rules of Civil Procedure, we shall attempt to ascertain the majority rule of decision, relative to the question under consideration, in those jurisdictions in which statutes or rules of civil procedure were or are in effect, like or similar to the Rules of this State.

Examination of the various "dead man statutes" and decisions involving their interpretation discloses that the prohibitory aspects of those statutes are similar to that of I.C. § 9–202 which provides that certain persons "cannot be witnesses" in whose behalf an action is prosecuted against a personal representative upon a claim against decedent's estate, as to any matter of fact occurring before decedent's death. Some of those statutes, or decisions interpreting

them, recognize that a waiver occurs if the personal representative calls the interested party as a witness at the time of the trial, but such waiver does not occur by the taking of a discovery deposition of the witness.

Anderson v. Benson, D.C.Neb.1953, 117 F.Supp. 765, 771, involved claims within the purview of Nebraska's "dead man statute," R.R.S.Neb.1943, § 25–1202, prohibiting the use of testimony of an interested survivor, unless decedent's representative shall have "introduced a witness who shall have testified in regard to such transaction or conversation." The defendant, pursuant to Fed.Rules Civ.Proc., Rule 26, obtained and filed a discovery deposition of the plaintiff relating to her transactions with the decedent, but did not offer the deposition in evidence at the trial. Plaintiff contended that the taking and filing of the deposition constituted a waiver under the "dead man statute." In holding that there was no waiver and that the evidence relating to the transactions with the decedent were not admissible, the court stated:

"* * * Although in some jurisdictions it has been held that the mere taking of a deposition constitutes a waiver of the 'dead man's' statute, [citing in footnote 64 A.L.R. 1148, 1165; supplemented in 107 A.L.R. 482, 491 and 159 A.L.R. 411, 422], it is difficult to interpret the mere taking of a deposition as a waiver in Nebraska because of the clear words of the statute. * * * The taking of a deposition does not seem to be tantamount to 'introducing a witness' within the meaning of the statute when we consider the purpose and effect of the deposition-discovery procedure under the Federal Rules of Civil Procedure. * * * whereby 'either party may compel the other to disgorge whatever facts he has in his possession.' Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451. But the facts 'disgorged' are not ipso facto evidence in the case. The rules themselves protect against such a result. * * * The purpose of the first sentence of Rule 26(f) is to make it perfectly clear that by mere *taking* a deposition before trial a party does not impose restrictions upon himself with respect to the deponent at the actual trial. 4 Moore's Federal Practice (2nd Ed.) § 26.35, p. 1204. Considering this in relation to the principle that a deposition, taken and filed, but not offered at the trial, is not evidentiary support for the trial judge's decision, * * * it becomes readily apparent that the taking and filing of a deposition pursuant to Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A. is not 'introducing a witness'

within the intendment of Section 25–1202. * * *."

Duling v. Markun, 7 Cir., 1956, 231 F.2d 833, 839, certiorari denied 352 U.S. 870, 77 S.Ct. 96, 1 L.Ed.2d 76, involved Indiana's "dead man's statute," Burns Ann.St.Ind., § 2–1715 et seq. The Seventh Circuit Court held that an executor, who brought the action, did not waive the incompetency of the defendant as a witness under such statute, by taking his deposition as part of a pretrial discovery proceeding under Federal Rules of Civil Procedure, Rule 26 et seq. The court remarked: "The Federal Rules themselves indicate that a waiver should not result from the mere taking of a discovery examination. Rule 26(f). * *" Additionally, the court followed the ruling of Anderson v. Benson, supra. The case came before the court a second time on appeal, Duling v. Markun, 7 Cir., 1958, 251 F.2d 361, with announcement of the same ruling as in the previous decision, on the question under consideration here. See also: Stricker v. Morgan, D.C.Miss.1958, 159 F.Supp. 830, affirmed 5 Cir., 1959, 268 F.2d 882; McCargo v. Steele, D.C.Ark. 1958, 160 F.Supp. 7, affirmed 8 Cir., 1958, 260 F.2d 753; Pink v. Dempsey, 1953, 350 Ill.App. 405, 113 N.E.2d 334; Prince v. Abersold, 1931, 123 Ohio St. 464, 175 N.E. 862; O'Neal v. First Trust Co. of York, 1955, 160 Neb. 469, 70 N.W.2d 466; Clayton v. Ogden State Bank, 1933, 82 Utah 564, 26 P.2d 545; Starkweather v. Conner, 1934, 44 Ariz. 369, 38 P.2d 311; Norman v. Kernan, 1937, 226 Wis. 78, 276 N.W. 127; Catlett v. Chestnut, 1934, 117 Fla. 538, 158 So. 418; Embrey v. Southern Gas & Electric Corp., Fla.1953, 63 So.2d 258; Herring v. Eiland, Fla.1955, 81 So.2d 645; Small v. Shure, Fla.1957, 94 So.2d 371; Lindner v. First Nat. Bank & Trust Co., 1950, 9 N.J. Super. 569, 76 A.2d 49; Baumel v. Travelers Ins. Co., D.C.N.Y.1959, 179 F.Supp. 88; In re Schulman's Estate, 1947, 189 Misc. 672, 72 N.Y.S.2d 239. While the phraseology of the dead man's statutes involved in these cited cases varies from Idaho's statute nevertheless the prohibitory aspects of all the statutes, including Idaho, are so similar in import as to render such decisions supportive of the principle under consideration here. See also Gottesleben v. Luckenbach, 1951, 123 Colo. 429, 231 P.2d 958, 959, which involved the question of the incompetency of a caveatrix to testify in support of her objections to the probate of a will, her discovery deposition having been taken by the adverse party, executor, but not offered in evidence. The Colorado court held that "under Rule 26 C(f) R.C.P. Colo., such taking of deposition is not a waiver of objection to the competency of the witness."

We have examined the authorities cited by appellant in support of his contention that the acts of respondent executrix, of

taking and filing the discovery deposition, waived appellant's incompetency as a witness under Idaho's "dead man statute," even though the deposition be not introduced in evidence. While the decisions, in instances, appear to support appellant's position, see decisions pro and con, Annotations 64 A.L.R. 1148; 107 A.L.R. 482; and 159 A.L.R. 411, we are constrained to hold in accordance with the announcements of those courts wherein the problem under consideration here was decided in Federal jurisdictions wherein the Federal Rules of Civil Procedure are in operation; or in State jurisdictions wherein the statutes or the rules of procedure are like or similar in import to the Federal Rules.

Idaho Rules of Civil Procedure, in large part, are the counterpart of the Federal Rules. Particularly in the jurisdictions operating under such or similar rules of civil procedure, the trend has been toward liberality of all discovery procedure, including the use of interrogatories on a broad scope, including subject matters like or similar to the one under consideration in the case here. The conflict in the decisions, in jurisdictions operating under less flexible rules of procedure, is recognized in the A.L.R. annotations aforesaid, and particularly in Anderson v. Benson, supra, and Pink v. Dempsey, supra. An excellent statement of such recognized conflict, with recognition accorded the majority view, appears in Prince v. Abersold, 1931, 123 Ohio St. 464, 175 N.E. 862, which involved Ohio's "dead man statute," Ohio Gen.Code, § 11495, (later Ohio Rev.Code, § 2317.03). The Ohio Court stated:

" * * * We are not unmindful of the fact that courts of last resort in some states have held that the taking and filing of a deposition of the adverse party does waive the statutory bar against the right of such witness to testify generally in an action of this kind. After a careful examination of these decisions of other states, a majority of the court is of the opinion that the better and safer rule is that the mere filing of a deposition taken by an adverse party does not waive the inhibition of the statute against the testimony of the party whose deposition has been so taken."

We are of the view that appellant's assignments of error, raising this issue, are without merit.

Appellant's remaining assignments of error which he does not seriously pursue question the sufficiency of the evidence to support the trial court's findings, conclusions and judgment of dismissal.

Our examination of the evidence adduced on appellant's behalf indicates to our satisfaction that the findings, conclusions and judgment of dismissal are correct; particularly we are of the view that appellant failed to sustain the requisite burden of proof to establish an alleged contract whereby Walter Thomas agreed to make a will devising the particular tract of land to appellant, or to establish by parol the trust which he seeks to be impressed upon the land.

Clear, positive, convincing and satisfactory evidence is required to establish a contract to make a will. Andrews v. Aikens, 44 Idaho 797, 260 P. 423, 69 A.L.R. 8; Johnson v. Flatness, 70 Idaho 37, 211 P.2d 769; McMahon v. Auger, Idaho, 357 P.2d 374; [1] see also Rice v. Rigley, 7 Idaho 115, 61 P. 290; Panhandle Lumber Co. v. Rancour, 24 Idaho 603, 135 P. 558; Fredricksen v. Fullmer, 74 Idaho 164, 258 P.2d 1155, 41 A.L.R.2d 567. Moreover, in order to establish a trust by parol, a mere preponderance of evidence is insufficient, Rice v. Rigley, supra; Annotations 23 A.L.R. 1517.

The judgment of dismissal of the district court is affirmed. Costs to respondent.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.