No. 20645.

SOUTHWESTERN MOTELS, INC., ET AL. *v.* ROLLNICK STORES, INC., ET AL.

(402 P.2d 632)

Decided May 24, 1965.

SAMUEL J. EATON, for plaintiffs in error.

FRED L. SCHWARTZ, ROBERT MEER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFFS in error, as plaintiffs in the trial court, filed an action in which they sought to have a warranty deed, executed by them and given to the defendants, declared to be a mortgage.

Plaintiffs were operators of a motel in Trinidad and encountered financial difficulties which resulted in a receiver being appointed to operate the motel business and a foreclosure suit being instituted against the motel

property. They had tried unsuccessfully to obtain a loan on the property to enable them to redeem from the foreclosure; and finally, through third persons they were referred to the defendants. The latter testified that they were not interested in making a loan to the plaintiffs, but did agree to purchase the property. Defendants paid $50,000.00 for the property which was sufficient to redeem it from the foreclosure sale and to pay off other bills. At the time of the purchase defendants obtained a loan from a Trinidad bank to finance the deal.

Plaintiffs were given a two year lease on the motel with an option to repurchase it for the sum of $55,000.00 at any time after the first year of the lease and before the expiration date at the end of the second year. Plaintiffs were unable to repurchase the property.

Trial was to the court. With disputed evidence before it, the trial court adopted the version of the defendants and entered findings in favor of the defendants and against the plaintiffs, with a resultant judgment of dismissal being entered against the plaintiffs. We cannot say — as plaintiffs would have us do — that the court was required to find as a matter of law that a mortgage transaction was intended by the parties.

The trial court held — as the decisions announced by this court dictate — that for the plaintiffs to prevail and for the court to exercise its equity powers to convert a sales transaction into a mortgage, the proof *must be clear and convincing*. The court found that the proof fell far short of that standard. For a case almost identical on its facts see *Edwards Post v. Gould*, 144 Colo. 334, 356 P.2d 908, wherein the court refused to declare a similar transaction a mortgage, and which we affirmed. Cases on the quantum of proof required are cited therein.

The judgment is affirmed.

Mr. Justice Frantz and Mr. Justice Schauer concur.