529 P.2d 776

Betty SIMMONS, Personal representative of the Estate of Irene H. Ewing, Deceased, Plaintiff-Appellant,

·v.

Thomas G. EWING, Surviving Spouse, Defendant-Respondent.

No. 11627.

Supreme Court of Idaho.

Dec. 20, 1974.

Joseph C. Adams, Jr., Lewiston, for plaintiff-appellant.

Leslie T. McCarthy, Lewiston, for defendant-respondent.

DONALDSON, Justice.

This appeal places in issue the propriety of exempt property and homestead allowances being awarded by the district court to the surviving spouse, with funds for the allowances being taken from deceased's separate property. For the reasons stated in this opinion, the orders of the district court are affirmed.

Irene H. Ewing, the decedent, died February 23, 1973, at which time she was domiciled in Nez Perce County, Idaho. She had executed a will dated January 24, 1973, in which she bequeathed her community property to her husband, Thomas G. Ew-

ing, the respondent, and her separate property to her two daughters from a previous marriage, Donna Alexander and Betty Simmons. Ms. Simmons, whom the decedent also nominated as Executrix, is the appellant in this action as personal representative. In that capacity she filed her application for informal probate on March 7, 1973.

As a result of proceedings in the probate of the estate, the respondent was granted from decedent's separate property a $4,000 homestead allowance (less $1,463 he had previously collected from a joint checking account) pursuant to I.C. § 15–2–401, and a $3,500 exempt property allowance pursuant to I.C. § 15–2–402.

This appeal is taken from those two orders.

Appellant assigns the granting of the allowances as error because such actions defeat the intentions of the testatrix. Mrs. Ewing, the appellant continues, intended that Mr. Ewing receive only community property and that the daughters receive all of the deceased's separate property. Thus, awarding Mr. Ewing a portion of the separate property defeats the intentions of the testatrix.

■ The Court does not agree with the appellant as to Mrs. Ewing's testamentary intentions. While the language of the will may initially lead to such an interpretation, the entire testamentary scheme indicates otherwise. Mrs. Ewing executed the will, which was drafted with the aid of an attorney, after the Uniform Probate Code (hereinafter referred to as UPC) became effective in Idaho. Under the provisions of the UPC the surviving spouse is entitled to both homestead and exempt property allowances. The UPC also has an election procedure wherein the testator may draft the will in such a manner as to require the surviving spouse to elect between the benefits of the statutory allowances and whatever rights may accrue under the provisions of the will. I.C. § 15–2–206(b). The combination of the language of the document and Mrs. Ewing's failure to include an election clause in the will resulted in Mr. Ewing receiving at least some of Mrs. Ewing's separate property. As will be discussed below, the separate property was the only available source for funds for the allowances.

■ A second assignment of error argues that the two sections of the Idaho Code under which the allowances were made are so vague and uncertain as to violate the mandate of Article 3, Section 17 of the Idaho Constitution. That section provides that "[e]very act or joint resolution shall be plainly worded, avoiding as far as practicable the use of technical terms." Appellant's argument focuses primarily upon the dual use of "homestead" in the UPC homestead allowance and the homestead exemption from execution found in I.C. § 55–1001 et seq. The Court finds no confusion in the duality. The UPC provisions are effective only in the event the exemption homestead is not selected. The two statutory schemes are directed toward the same end through different means, and the brief intersection of terminology can hardly be said to result in fatal ambiguity.

■ Appellant further argues that vagueness is the result of the failure of the UPC to specify the property from which the allowance is to be taken first. In this situation the statute is quite clear. The "homestead allowance is in addition to any share passing to the surviving spouse * * * by the will of the decedent * * *." I.C. § 15–2–401. The will bequeathed all decedent's community property to the surviving spouse. With only separate property remaining, it is clear that that is the sole source for funds for the allowance. Thus, the Court rejects appellant's claims of unconstitutional vagueness. *See* Nelson v. Marshall, 94 Idaho 726, 497 P.2d 47 (1972).

■ Appellant next argues that the Uniform Probate Code impairs the obligation of a contract and therefore violates

Article 1, Section 16 of the Idaho Constitution. However appellant fails to instruct the Court on whether she is claiming that the will itself is a contractual obligation or whether there was a contract to make a will involved. A contract to make a will requires a showing of such by clear and convincing evidence. The appellant advances no evidence of such, and thus that argument fails. Thomas v. Thomas, 83 Idaho 86, 357 P.2d 935 (1960). Second the appellant offers no authority to the point that the will itself constitutes a contract and we know of none. Also, this Court has held that "the right to dispose of property by will is in 'no sense a property right or a so-called natural right.' "[1] We do not agree with appellant's position.

Finally, appellant argues that the granting of the allowances to the surviving spouse denied the other beneficiaries property without due process of law. This violates, appellant continues, Article 1, Section 13 of the Idaho Constitution. Due to appellant's failure to offer authority for this position, this Court will not consider the assignment. Church v. Roemer, 94 Idaho 782, 498 P.2d 1255 (1972); Supreme Court Rules, rule 41.

Respondent attempts to assign as error the district court's disposition of a joint checking account held by the deceased and the surviving spouse. Since this issue is not before the Court by proper cross-appeal, the Court will not consider the issue. Hemminger v. Tri-State Lumber Company, 57 Idaho 697, 68 P.2d 54 (1937). See also Leno v. Northwest Credit Corporation, 84 Idaho 364, 372 P.2d 765 (1962).

For the reasons stated herein, the orders of the district court are affirmed. Costs to respondent.

SHEPARD, C. J., and McQUADE, BAKES and McFADDEN, JJ., concur.

---

1. Hull v. Cartin, 61 Idaho 578, 597, 105 P.2d 196, 205 (1940) (further citations omitted).