564 P.2d 150

**In the Matter of the ESTATE of Louie BUFFI, Deceased.**

**Robert BUFFI, Marie Sackett, Joe Buffi, Wallace Buffi, Lorraine McAnulty, Patricia McAnulty, Orlinda McAnulty Slagel, Glenda, Nolen, Geri, Mike, Terry, Sherry and Deanna Buffi, Appellants,**

v.

**George BUFFI, Respondent.**

**No. 12273.**

Supreme Court of Idaho.

May 16, 1977.

Ben Peterson of Baum & Peterson, Pocatello, for appellants.

Clark Gasser and Ron Kerl of Terrell, Green, Service & Gasser, Pocatello, for respondent.

**PER CURIAM.**

In October of 1969, the decedent, Louie Buffi, a bachelor, sought out an attorney in Blackfoot, Idaho, stated that he wanted a will drafted and instructed as to the desired disposition of his considerable estate. The attorney took notes of the conversation and subsequently had a typewritten draft of a will prepared from the notes. The handwritten notes were retained in the law firm files. The draft copy, was delivered to Buffi, and with various handwritten amendments, was signed by the decedent and placed in a desk drawer in his home. This copy, a rough draft of a proposed will, contained, also in rough form, an attestation clause, which was not signed.

In February of 1975, following a serious operation, Louie Buffi was being driven to the airport for a trip to California. He remarked to his nephew, Robert Buffi and to Robert's wife, Joanne, that, "If I don't make it back this round, anything you'll need is in the desk drawer, the top drawer of my desk." Louie Buffi died on April 9, 1975, without ever having returned home. After his death, Robert, along with several of the family members went to Louie's residence, removed the envelope and some papers from his desk drawer and delivered them to Mr. Furchner, a Blackfoot attorney. The envelope was opened in the presence of six family members and was found to contain the typed draft copy of the will which Buffi had signed and placed in his desk drawer.

The beneficiaries of this "will" petitioned the magistrate division of the district court to accept the document as a nuncupative will. George Buffi, Louie's brother, who received a small bequest in the "will" but who stands to receive a larger share if it is determined that Louie died intestate, objected on the basis that the testimony and offered documents failed to comply with the statutory requirements as set out in the Idaho Code. The magistrate ruled that Louie Buffi died intestate, which ruling was affirmed on appeal to the district court. An appeal to this court followed.

Counsel for appellant argues here, as he did in magistrate and district court, (1) that former I.C. §§ 15–234 to –236, in effect when Louie Buffi signed his "will" in 1969, recognized the common law doctrine of nuncupative wills as an available method of creating valid wills for Idaho citizens; (2) that these sections should be given effect because I.C. § 15–2–506 of the Uniform Probate Code provides that "A written will is valid . . . if its execution complies with the law at the time of execution of the place where the will is executed"; and, (3) that the facts of this case satisfy the criteria for nuncupative wills in that Louie Buffi made an oral declaration of his will which was, within 30 days thereafter, reduced to writing by the recording witness.

■ This argument must be rejected here as it was in the courts below. The Uniform Probate Code, Title 15 of the Idaho Code, was adopted by the Idaho legislature in the 1971 session, with an effective date of July 1, 1972, according to § 28 of Chapter 111, 1971 Idaho Sess. Laws, as amended. The will of any person dying after that date must have been executed in accordance with the provisions of I.C. § 15–2–502, or fall within the narrow exceptions described therein:

> "Except as provided for holographic wills, writings within section 15–2–513 of this Part, and wills within section 15–2–506 of this Part, every will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction, and shall be signed by at least two (2) persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

It is not contended that either the written notes or the typed copy of Louie Buffi's "will" was ever formally executed as required by I.C. § 15–2–502. It is likewise not contended that the exceptions listed in that section apply to the document in question. It is not argued that the document has efficacy as an holographic will.

■ I.C. § 15–2–506 is a choice of laws provision, dealing solely with the validity of wills made in *other* jurisdictions. It cannot be utilized here where the question is not the validity of a foreign will. Involved here is the law of Idaho, applicable to the execution of wills, on the date of Buffi's death. As of July 1, 1972, the nuncupative will provisions of former I.C. § 15–234 were effectively repealed. Had the Uniform Probate Code not been written so as to apply to any wills of decedents dying after the effective date of the U.P.C., it is clear that the common law doctrine of nuncupative wills—by which was provided a means whereby a soldier, mariner or seaman *in extremis* might create a will without going through the time-consuming procedures of a writing and a formal execution—simply has no application in the present case. *See Cannon v. Seyboldt*, 55 Idaho 796, 48 P.2d 406 (1935); *Christiansen v. Rumsey*, 91 Idaho 684, 429 P.2d 416 (1967). We can only conclude therefore, as did the courts below, that Louie Buffi died intestate and that his property must descend according to Idaho's laws of intestate succession.

Judgment affirmed, costs to respondent.