590 P.2d 577

**In the Matter of the ESTATE of Pearl E. LANE, Deceased.**

**Wayne Robert MILLER, Plaintiff-Appellant,**

v.

**Rebecca M. MILLER, Defendant-Respondent.**

No. 12788.

Supreme Court of Idaho.

·Feb. 1, 1979.

Charles D. Coulter, Boise, for plaintiff-appellant.

James E. Schiller, of Schiller, Williams & Schiller, Nampa, for defendant-respondent.

SCOGGIN, Justice Pro Tem.

Plaintiff-appellant Wayne Robert Miller has appealed from the decision of the district court which affirmed the order of the magistrate denying admission of a will to probate.

On December 3, 1976, the appellant filed a petition for probate of a document alleged to be the last will and testament of Pearl E. Lane, deceased. Objections to the admis-sion of said alleged will were filed by Rebecca M. Miller, the only child of a deceased brother of Pearl E. Lane. The document in question is dated September 20, 1976, and was executed by Pearl E. Lane and attested to by Carolea Cussins and Lindy Gehring. On said date Lindy Gehring was a married person but was only seventeen years old.

By stipulation of counsel and order of the magistrate, the trial was bifurcated and first tried only on the question of whether or not the will was valid since one witness to the will was not eighteen years of age. The magistrate denied admission of the al-leged will to probate, concluding in his or-der that to be a valid witness to a will the person must be eighteen years or more of age and generally competent. Appellant appealed, and the district judge affirmed the order on September 2, 1977.

The facts as above stated are undis-puted, leaving for resolution here the legal question of the age requirement for one attesting a will.

The Idaho legislature, in adopting the uniform probate code, recognized the status of emancipated minors, and, in I.C. § 15–2–501, allowed an emancipated minor or any person eighteen or more years of age who is of sound mind to make a will. On the same date, March 12, 1971, it passed I.C. § 15–2–505, which read as follows:

> Any person generally competent to be a witness may act as a witness to a will. [S.L.1971, Ch. 111, p. 259.]

However, some four days later the above section was amended, S.L.1971, Ch. 126, p. 494, to read as follows:

> Any person eighteen (18) or more years of age generally competent to be a wit-ness may act as a witness to a will.

It is noted that the words "eighteen (18) or more years of age" were added, and it is the court's view that this quite clearly shows the intent of the legislature. The legisla-ture had in said session recognized and granted specific rights to emancipated mi-nors, but within the same general section and chapter it chose to and by later amend-ment reiterated that the requirement for

attesting a will was eighteen or more years of age.

 This court has heretofore recognized that the legislature shall set the standards for the execution of a will. *Simmons v. Ewing,* 96 Idaho 380, 529 P.2d 776 (1974); *Hull v. Cartin,* 61 Idaho 578, 105 P.2d 196 (1940). See also 79 Am.Jur.2d, Wills, §§ 55, 183, 184; 94 C.J.S. Wills § 3.

For the reasons above we hold that the decision of the district court is affirmed. Costs to respondent.

SHEPARD, C. J., DONALDSON and BAKES, JJ., and THOMAS, J., pro tem., concur.