**In the Matter of the ESTATE OF Louis A. GROSSEN, a/k/a Lewis Grossen, Milton Grossen, L.E. Grossen, Larry Grossen and Edward Grossen, Deceased,**

v.

**Mae Eleanor Grossen VINCENT and Lucille M. Grossen Taylor, Appellants.**

**No. 18075.**

Supreme Court of Utah.

Jan. 14, 1983.

Joseph L. Henriod, Clark R. Nielsen, Salt Lake City, for appellants.

T. Patrick Casey, William L. Crawford, Salt Lake City, for respondent.

HOWE, Justice:

This is an appeal from an order admitting to probate a will executed by Louis A. Grossen on January 10, 1974 and appointing his son, Earl Louis Grossen, to be personal representative of the estate.

---

The appellants, who are daughters of the decedent, objected to the admission of the will to probate in the trial court on the ground that one of the attesting witnesses, Scott Hill, was only 16 years of age at the time of the execution of the will. Appellants concede that in 1974, when the will was executed, our probate code contained no mandatory requirement as to the age of the attesting witnesses. However, on July 1, 1977, the Utah Uniform Probate Code took effect in this state. It imposed a new requirement in our law, U.C.A., 1953, § 75–2–505(1) that a witness to a will must be of the age of 18 years or over. Appellants contend that this requirement applies to the will of the decedent under § 75–8–101(2)(a) which provides that the Utah Uniform Probate Code takes effect on July 1, 1977, and applies to all wills of decedents dying thereafter. Decedent died April 17, 1981.

■ We agree with the trial court, however. The will is valid under § 75–2–506 which provides that a written will is valid if, at the time of its making, the execution complies with the law "of the place where the will is executed, . . ." Appellants urge that this language was intended only to validate wills made by a decedent in another state or country. We do not interpret that language that narrowly. It refers to the law of the place where the will is executed. It is broad enough to include this state under prior law. The interpretation urged by the appellants would make the decedent's will now invalid in this state; but, it could be admitted to probate in any other state which had adopted the Uniform Probate Code. We will not lightly ascribe an interpretation which will produce such an incongruous result. Furthermore, we are hesitant to assume that the Legislature, in adopting the Uniform Probate Code, intended to invalidate wills which had been properly made under prior law in this state.

Appellants rely upon *In the Matter of the Estate of Buffi,* 98 Idaho 354, 564 P.2d 150 (1977) where the Supreme Court of Idaho stated at 355, 564 P.2d at 151, that I.C., § 15–2–506 (which is identical to our § 75–2–506) "is a choice of laws provision, dealing solely with the validity of wills made in *other* jurisdictions. It cannot be utilized here where the question is not the validity of a foreign will." We reject that narrow interpretation of the statute as we have explained above. However, we note that the quoted statement by the Idaho court was dicta since under consideration in that case was an alleged nuncupative will which was made *after* the effective date of the Idaho Uniform Probate Code and at a time when the testator was not *in extremis.*

The order below is affirmed. Costs are awarded to respondent.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.