149 P.3d 840

**In the Matter of the ESTATE OF Bruce G. MILLER, Jr.**

**Christine A. Spelius, Personal Representative of the Estate, Petitioner–Respondent–Appellant,**

v.

**Inez Hollon, Respondent–Appellant–Respondent.**

**Nos. 32660, 32661.**

Supreme Court of Idaho,
Boise, December 2006 Term.

Dec. 19, 2006.

Voorhees Lamure LLP, Twin Falls, for Christine A. Spelius. Dennis Voorhees argued.

Jacobson Law Office, Twin Falls, for Inez Hollon. V. Lane Jacobson argued.

EISMANN, Justice.

This is an appeal from the order of the magistrate court holding that a will is not invalidated because one of the witnesses signed it after the testator's death. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On January 14, 2000, Bruce Miller and his fiancé, Christine Spelius, went to a local bank where Spelius wrote out a will for him at his request. Miller told Spelius to make changes to the document, and so she rewrote the document. The handwritten will stated:

> To Whom it may concern:
>
> I Bruce G. Miller Jr. of sound mind + body make my last will and testament. I want Christine Ann Spelius to inherit my entire estate including real estate, personal property and any money and my dog "Buddy." I also want her to be conservator of my estate.

Miller signed the will, and both Spelius and a bank employee witnessed him do so. The bank employee then signed the will on a handwritten line designated "witness." He was also a notary public, and he affixed his notary seal to the will. Spelius did not sign the will as a witness at that time. After leaving the bank, Spelius kept possession of the will with Miller's consent.

On July 2, 2004, Miller died at the age of sixty-six years. After Miller died, Spelius contacted an attorney to probate Miller's will, and upon his advice she signed the will as a witness. On July 12, 2004, Spelius filed a petition for formal probate of Miller's will. In that petition, she informed the court that she did not sign the will as a witness until July 12, 2004.

On September 17, 2004, Inez Hollon, an heir of Miller, filed a petition seeking a formal adjudication that Miller died intestate. She contended that Miller's will was invalid because both witnesses had not signed it before his death. She later moved for summary judgment.

The magistrate judge noted that Idaho law did not specify when a witness must sign the will. He held that the propriety of post-mortem signing could be decided on a case-by-case basis and that in appropriate cases he would permit the post-mortem signing of the will by a witness. The magistrate then addressed the circumstances that he deemed relevant as to whether Spelius's signature should be accepted in this case. He stated

that no competing will had been offered by anyone; that there was no evidence of fraud regarding the execution of Miller's will; that it is undisputed that Miller signed the will; that both Spelius and the bank employee submitted affidavits explaining the circumstances of the execution of the will; that a long-time acquaintance of Miller submitted an affidavit stating that about seven weeks before his death Miller had said he had written a will leaving everything to Spelius; and that admitting the will to probate would effectuate Miller's intent regarding the distribution of his estate. The magistrate concluded that under the facts of this case, Miller's will could be probated, and he entered an order formally probating the will. Hollon then appealed.

The appeal was first heard by a district judge. He noted that the legislature has not enacted any requirement specifying when a witness must sign the will. Relying upon *Estate of Peters*, 107 N.J. 263, 526 A.2d 1005 (1987), the district judge decided that the witnesses should be required to sign within a reasonable time after the testator executed the will. He therefore remanded the case for the magistrate to determine whether Spelius had signed the will within a reasonable time after Miller executed it. Spelius then appealed.

## II. ANALYSIS

The interpretation of a statute is a question of law over which we exercise free review. *Gooding County v. Wybenga*, 137 Idaho 201, 46 P.3d 18 (2002). It must begin with the literal words of the statute, *Thomson v. City of Lewiston*, 137 Idaho 473, 50 P.3d 488 (2002); those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *State v. Hart*, 135 Idaho 827, 25 P.3d 850 (2001). If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Hansen v. State Farm Mut. Auto. Ins. Co.*, 112 Idaho 663, 735 P.2d 974 (1987). Unless the result is palpably absurd, we must assume that the legislature means what is clearly stated in the statute. *Miller v. State*, 110 Idaho 298, 715 P.2d 968 (1986). If the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial. *Hansen v. State*

*Farm Mut. Auto. Ins. Co.*, 112 Idaho 663, 735 P.2d 974 (1987). When reviewing a case decided in the magistrate division that has been appealed to the district court, we review the magistrate's decision independently of, but with due regard for, the district court's intermediate appellate decision. *Brinkmeyer v. Brinkmeyer*, 135 Idaho 596, 21 P.3d 918 (2001).

The issue in this case is whether Miller's will was validly executed under Idaho law. Idaho Code § 15-2-502 provides insofar as is relevant, "[E]very will shall be in writing signed by the testator ..., and shall be signed by at least two (2) persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will." The statute is not ambiguous. It does not impose any requirement as to when the witnesses must sign the will. There is no question that the will in this case complies with the requirements of the statute. The will was in writing, it was signed by Miller, two persons witnessed that signing, and both of those witnesses signed the will.

The only issue is whether this Court should follow other courts in adding an additional requirement that the witnesses must sign within a reasonable time after witnessing or at least before the testator's death. We will not do so.

It is the province of the legislature to set the standards for the execution of a will. *Miller v. Miller*, 99 Idaho 850, 590 P.2d 577 (1979). From 1887 until the adoption of Idaho's version of the Uniform Probate Code in 1971, Idaho law had more stringent requirements for a valid will. Section 5727 of the Revised Statutes of Idaho Territory (1887) provided:

Every will, other than a nuncupative will, must be in writing, and every will, other than an olographic will and a nuncupative will, but be executed and attested as follows:

1. It must be subscribed at the end thereof by the testator himself, or some person in his presence and by his direction must subscribe his name thereto;

2. The subscription must be made in the presence of the attesting witnesses or be acknowledged by the testator to them, to have been made by him or by his authority;

3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will; and

4. There must be two attesting witnesses, each of whom must sign his name as a witness, at the end of the will, at the testator's request, and in his presence.

Under this statute, the witnesses were required to sign their names "at the testator's request, and in his presence."

The legislature did not retain that requirement when it adopted Idaho Code § 15-2-502. The comment to the official text of § 15-2-502 states, "The formalities for execution of a witnessed will have been reduced to a minimum.... The intent is to validate wills which meet the minimal formalities of the statute."

The legislature obviously knew the changes it was making to the execution requirements of a valid will when it adopted Idaho Code § 15-2-502. Had it desired to include a provision specifying when the witnesses must sign, it could have done so. It could have required that they sign in the presence of the testator, as did Idaho law from 1887 until 1971. It could have required that they sign within a reasonable time after witnessing. It could have required that they at least sign prior to the death of the testator. It did not impose either these or any other requirements as to when the witnesses must sign.

Hollon argues that a will must be valid as of the date of the testator's death because that is when the will takes effect. She does not cite any statute so providing, but instead relies upon *Buffi v. Buffi*, 98 Idaho 354, 564 P.2d 150 (1977). In *Buffi*, the decedent had contacted an attorney to prepare a will and had received a typewritten draft copy for his review. The decedent signed the draft copy and placed it in his desk drawer along with various handwritten amendments, where they were found after his death. We upheld the finding of the lower court that it was not a valid will because it had not been executed in compliance with Idaho Code § 15-2-502. There were no witnesses. After the decedent died, obviously nobody could witness him signing the will, acknowledging that the signature was his, or acknowledging that the document was his will. That is not what occurred in this case. The witnesses saw Miller sign his will.

We affirm the order of the magistrate judge admitting Miller's will to probate. It was executed in accordance with the requirements of Idaho Code § 15-2-502. We do not affirm the reasoning of the magistrate that the court has discretion to decide on a case-by-case basis whether to probate a will where the witness has signed after the testator's death. The Idaho legislature has not required that the witnesses sign before the testator's death, and the court lacks the authority to impose such a requirement, even on a case-by-case basis. We are not precluding other challenges to the will. We are simply holding that the legislature has not enacted any requirement as to when the witnesses must sign, and therefore no such requirement can be imposed by the court.

## III. CONCLUSION

We affirm the order of the magistrate court, and we award costs on appeal to the appellant Christine Spelius.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.